WEIS BROS. v. C. A. DITTMAN.

No. 260.

1. **Special Issues — Charge Nullifying them.**—The jury having been instructed to find on special issues having for their object the discovery as to whether or not certain conveyances which had been made by an insolvent debtor, who afterwards made an assignment, were fraudulent or not, a charge, that unless the jury found from the evidence that the grantor conveyed said property contemplating an assignment, and for the purpose of hindering, delaying, and defrauding his creditors, and that the purchaser knew, or might have known of such intention, then they should find for the defendant, was erroneous.

2. **Same — The Discretion of the Judge — Fraudulent Intent.**— Whether the case should be submitted on special issues or a general charge was discretionary with the court below, and it is not necessarily reversible error to withdraw special issues after they have been submitted; but here the facts specially called to the attention of the jury by the special issues, were those upon the existence or nonexistence of which the question of fraud in the deeds depended, and the charge, in effect, informed the jury, that unless they found a fraudulent intent upon the grantor's part, they need not consider the questions presented in the special issues; in other words, that the fraud charged might not result from the effect of the conveyance upon the rights of creditors, as well as from a purpose of the debtor to defraud. This was error.

3. **Same — Withdrawing other Issues.** — Another objection to the charges is, that they withdrew from the jury the issue submitted in the charges asked by appellants, as to whether or not the deeds were given as absolute sales or as security for debts, as to which there was some evidence.

4. **Purchaser from Insolvent Must see to Application of Purchase Money.**—It is well settled in this State, that a purchaser from an insolvent, who knows or has just reason to believe his vendor to be insolvent, and who pays cash for property, must see that it is applied to the discharge of the debts of the vendor. The debtor has not the right to make an assignment, and retain money in his hands for the purpose of preferring certain creditors above others. With the assignment the right to prefer comes to an end, and the money in his hands passes to the assignee. The principle which requires the purchaser from an insolvent debtor to see to the application of the purchase money, requires him to see to the lawful application of it, for it is because the application is lawful that his conveyance is upheld.

5. **Retaining the Money by the Assignor a Legal Fraud.**—That the debtor thought the debts which he paid after he had assigned, and which he had individually contracted, were superior to those contracted in his mercantile

business, can not affect the question. After the assignment, all the creditors had right to equal participation in the money, and it should have been turned over to the assignee, and in not doing so Amthor practiced a fraud upon the creditors excluded from the benefit of it.

Appeal from Colorado. Tried below before Hon. George McCormick.

*Foard, Thompson & Townsend*, for appellants.— 1. It was discretionary with the court whether it submitted the special issues requested by appellant or not; but having submitted the same, it was error in the court afterwards to charge the jury to find upon those issues only in case they found a precedent fact of fraud; in other words, under the court's charge the jury were only to find upon the issues in case they found for appellant. Sayles' Civ. Stats., arts. 1327–1329; Blum v. Rogers, 71 Texas, 668; Mabry v. Harrison, 44 Texas, 286; Cole v. Crawford, 69 Texas, 125.

2. The court erred in its definition of the term "in contemplation of assignment." In the charge framed by the court the jury are told: "What is meant by the term 'in contemplation of assignment' is this: If when Amthor made the conveyances to Dittman, of date 6th and 12th of December, 1887, he had already determined to make an assignment or transfer the balance of his property to another, then, so far as he is concerned, his transfers to Dittman were made in contemplation of assignment." Appellants' petition contains counts averring both that the conveyances were made in contemplation of assignment, also fraudulently made for the purpose of hindering, delaying, and defrauding creditors. Sayles' Civ. Stats., arts. 2465–2466, 65r, sec. 65s; Williams v. Perry, 3 Willson's C. C., sec. 210.

3. This court will set aside the verdict of a jury when the same is manifestly against the evidence.

4. When one buys property from another, whom he knows to be in failing circumstances, the law enjoins upon him the duty of seeing that the money thus paid is applied to the payment of the creditors entitled thereto; and the creditors entitled thereto in this case were those who accepted the provisions of the assignment. Elsner v. Graber, 69 Texas, 222; Black v. Vaughan, 79 Texas, 47; Williams v. Perry, 2 Willson's C. C., sec. 210; Oppenheimer v. Half Bros., 68 Texas, 409; Scott v. McDaniel, 67 Texas, 315; Edwards v. Dixon, 66 Texas, 613; Ellis v. Valentine, 65 Texas, 532; Seeligson v. Brown, 61 Texas, 180; Taylor v. Townsend, 61 Texas, 144; Greenleve, Block & Co. v. Blum, 59 Texas, 126; Blum v. Simpson, 66 Texas, 84; Allen v. Carpenter, 66 Texas, 138.

*Delaney & Kennon*, for appellee.—1. The special issues are unimportant and irrelevant. The judge, in his own charge, presented the law correctly. 1 Sayles' Civ. Stats., art. 65i; Hardware Co. v. Kauffman, 77 Texas, 131;

Allen v. Carpenter, 66 Texas, 138; Ellis v. Valentine, 65 Texas, 532; Lewey v. Fischl, 65 Texas, 311.

2. There is nothing in the evidence to require the question of mortgage to be submitted to the jury. Greenleve, Block & Co. v. Blum, 59 Texas, 124.

3. If Dittman bought property from Amthor for a reasonably fair price, without suspecting or having reason to believe that Amthor contemplated an assignment, receiving part of it in payment of debts due to himself, and turning over to Amthor the balance of the price to enable him to pay other debts; and if Amthor, in good faith, paid that money to his creditors, then the fact that Amthor made an assignment on the following day, without turning over that money to the assignee, would not invalidate the sale to Dittman. Hardware Co. v. Kauffman, 77 Texas, 131; Allen v. Carpenter, 66 Texas, 138; Ellis v. Valentine, 65 Texas, 532; Lewey v. Fischl, 65 Texas, 311; Bump. on Fraud. Con., 336, 337.

WILLIAMS, ASSOCIATE JUSTICE.—This suit was brought by appellants, as accepting creditors under a statutory assignment made by H. Amthor for the benefit of creditors, the assignee having declined to bring it, to set aside certain conveyances of property made by the assignor to the appellee previous to the assignment, and to reduce such property to the possession and control of the assignee, to be applied to the payment of creditors. The petition charged, that the conveyances were made in contemplation of the assignment, and with intent to defeat, delay, and defraud creditors, and with intent to give preference to one creditor over others. It was further alleged, that the conveyances were made to appellee as mortgages to secure debts claimed by him against the assignor; and a prayer in the alternative was made, that if this should be found to be the case, and the transactions held to be valid as mortgages, the property be sold and the excess, after satisfying appellee's claims thus secured, which were alleged to be much less than the value of such property, be declared assets in the hands of the assignee.

Appellee denied all the material allegations, and the case was tried before a jury and a verdict was rendered for defendant.

At the request of the plaintiff, the court gave certain instructions to the jury upon the law of the case, and submitted special issues intended to obtain findings of fact from which the court could determine whether or not the conveyances were fraudulent; and also whether they were absolute or were intended as mortgages. The judge also prepared and gave other instructions upon the law of the case, among which were the following:

"If you find that the sale and conveyance to Dittman was fraudulent and void, under the two preceding sections of the charge, then you will proceed to find from the evidence the true answers to the special issues or

questions propounded you in the charges asked by plaintiff, which are given as a whole, both issues and law, as contained therein, with this charge as the law of the case, which you are to consider in connection with this charge.'' ''Unless you find from the evidence that Amthor conveyed said property, contemplating an assignment and for the purpose of hindering, delaying, and defrauding his creditors, and that Dittman knew that was his intention at the time he purchased it, or could have known it by the use of ordinary diligence and inquiry, then you must find for the defendant, Dittman.''

The jury made no finding in answer to the special issues, but returned a general verdict in behalf of defendant.

Both of these instructions are assigned as error; and concerning them, it is claimed by appellants that they were injurious to them in relieving the jury from the duty of passing upon the special issues, except in the event they determined that the deeds were made with the fraudulent intent specified.

The method of submitting the case to the jury, whether upon the general issue or upon the special issues, was largely discretionary with the court below. Having the right to refuse to submit special issues, it was not necessarily a reversible error to withdraw them after they were submitted. To make it such, some injury must have resulted to the party complaining. Here, however, the facts especially called to the attention of the jury by the special issues were those upon the existence or nonexistence of which the question, whether or not the deeds were fraudulent in law, depended.

There was evidence tending to prove the honesty of Amthor in these transactions, and the absence of any intent actually corrupt on his part. But there was also evidence which tended to show a state of facts which deprived him of the right to make the conveyances, and to constitute them fraudulent in the sense of the law, because of their effect upon the rights of other creditors. The finding of these facts was sought by the special issues. The charge, which, in effect, informed the jury that unless they found a fraudulent purpose on Amthor's part, they need not consider the questions presented in the special issues, was very well calculated to impress them with the belief that they must first find a fraudulent purpose on Amthor's part before the other facts sought to be elicited could have any effect; in other words, that the fraud charged might not result from the effect of the conveyances upon the rights of creditors as well as from an established purpose in Amthor's mind to defraud them.

Facts were charged which, if established, would avoid the conveyance under the statute of frauds, without reference to the assignment law. Those transactions were attacked on both grounds. Though the deeds may not have been made in contemplation of the assignment and with the specific intent charged, they may still have been fraudulent as against

creditors under the general rules of law upon that subject. The plaintiffs having requested charges submitting issues intended to ascertain the facts upon which the latter question would depend, were entitled to have the jury pass upon the issue in some form, and of this right we think the charges quoted, in effect, deprive them.

Another objection to these charges, which we think is well taken, is, that they withdrew from the jury the issue submitted in the charges requested by appellants as to whether or not the deeds were given as absolute sales or as security for debts. There was some evidence that the deed and bill of sale of December 6, 1887, were intended merely as securities for a debt due from Amthor to Dittman, and that the property was worth much more than the debt, though as to both facts there was a conflict of testimony.

For these errors the judgment must be reversed. It is unnecessary to enter upon a discussion of the rules of law by which the validity of the deeds is to be determined, as they are well settled and understood.

In connection with the deed of December 12, 1887, a question is presented which, in view of another trial, it is proper for us to decide. In that transaction, appellee bought from Amthor the land conveyed by that deed, paying him $3900 in cash. It was stated at the time by Amthor that he wanted the money to pay some debts. He was insolvent, and the next day made the assignment. He did, according to his testimony, pay one debt out of the money received from this sale before he assigned, and paid out the whole of the remainder of the consideration upon other debts after the assignment was complete. It is now well settled by the decisions in this State, that a purchaser who knows or has just reason to believe his vendor to be insolvent, and who pays cash for the property bought under such circumstances, must see that it is applied to the discharge of debts of the vendor, in order to make valid the conveyance. The debtor having the right to prefer his creditors, the law does not ordinarily concern itself with the application of the consideration, further than to require that it be made to the discharge of just and valid debts. But the debtor has not the right to make an assignment and retain the money in his hands for the purpose of preferring certain of his creditors above the others. With the making of the assignment his right to prefer comes to an end, and the money in his hands passes with his other assets to his assignee for the benefit of all his creditors. The principle which requires the purchaser from a debtor known to be insolvent to see to the application of the purchase money, exacts of him that he see to the lawful application of it. It is because the application is lawful that his conveyance is upheld, the law permitting him to aid the debtor in doing that which it permits the latter to do.

It does not permit him, however, by his improvident action to place it in the power of the debtor to practice a fraud upon his creditors. That

is just what appellee by this purchase did, if he knew or ought to have known that Amthor was insolvent.

It is urged by appellee, that the deed was complete and valid when made, and was not affected by the subsequent action of Amthor. But such is not the law. Such a conveyance by a debtor known to be insolvent is permitted by law upon condition that the consideration is lawfully applied.

That Amthor thought the debts which he paid after he had assigned, and which he had individually contracted, were superior to those incurred in the mercantile business conducted by Braden, for which Amthor was liable, can not affect the question. After the assignment all creditors had the right to an equal participation in the money. The proper application for Amthor to have made of it was to turn it over to his assignee. In not doing so he practiced a legal fraud upon those of his creditors who were excluded from the benefit of it.

Our conclusion is, that Amthor being insolvent when this deed was made, it can not be upheld if appellee knew of such insolvency, or knew of circumstances which should have put him on inquiry.

As to whether the conveyances were made in contemplation of the assignment, and with the intent charged, and as to other questions of fact upon which the case depends, we express no opinion, as they should be submitted to the jury upon the evidence. The other objections to the charge are not well taken.

*Reversed and remanded.*

Delivered September 14, 1893.