## HOME BEN. ASS'N v. SALVATO.
### (No. 498.)

Court of Civil Appeals of Texas. Waco.
April 28, 1927.

Rehearing Denied June 2, 1927.

1. **Corporations** ⬅︎429 — **One dealing with agent of corporation is charged with notice that he has no power to bind corporation.**

One dealing with agent of a corporation does so at his peril and is charged with notice that agent has no power to bind corporation beyond scope of his apparent authority.

2. **Insurance** ⬅︎379(4) — **Act of soliciting agent in making false entry in application after being given correct information by applicant held chargeable to insurer.**

Where soliciting agent for insurance company was given correct information as to age by applicant, who could not read or write, and agent filled out application and did not read same nor tell applicant what he had written, agent's act in making false entry was chargeable to insurer rather than to applicant.

3. **Insurance** ⬅︎379(5) — **Soliciting agent's placing age of insured lower than given held not done with fraudulent intent by applicant.**

Where evidence showed that applicant for insurance for his father gave soliciting agent father's correct age, placing of lower age in application by soliciting agent *held* not shown to have been done with any fraudulent intent on part of applicant.

4. **Appeal and error** ⬅︎173(14) — **Questions raised on appeal as to consent of insured to application of son, but not presented by pleadings in court below, will not be considered.**

Where there is no pleading raising question relative to application for insurance by son on life of father without his father's knowledge or consent, contention of fundamental error, made on appeal, that contract was void for that reason will be overruled.

5. **Insurance** ⬅︎116(2) — **Son has insurable interest in father's life.**

A son has an insurable interest in the life of his father.

Appeal from District Court, Falls County; John Watson, Judge.

Suit by Carlo Salvato against the Home Benefit Association. Judgment for plaintiff, and defendant appeals. Affirmed.

Frank Oltorf, of Marlin, for appellant.

Bartlett, Carter & Rice, of Marlin, for appellee.

BARCUS, J. This suit was instituted by appellee against appellant to recover $1,000, the face value of an insurance policy issued by appellant on the life of appellee's father. Appellant is an unincorporated mutual aid association. In September, 1921, the soliciting agent of appellant solicited and ob- tained separate applications from appellee for membership in the association for himself and for his father. The policies were issued, and appellee paid all assessments thereon as made until his father died in July, 1924. The cause was tried to the court and resulted in judgment for appellee for the face of the policy. Appellant refused payment of the policy solely on the ground of misstatement of the age of the deceased in the application for same. The application states that the deceased was 67 years of age. The record shows without dispute that at that time he was about 71 years of age. Appellee testified—and his testimony was uncontradicted—that at the time he made application for the insurance he told the soliciting agent of appellant that his father was more than 68 years of age, and that his understanding was that the company would not take members who were over said age; that the soliciting agent then informed appellee that he would see the officers of the company and would let him know; that one or two days thereafter the soliciting agent came to see him and told him that the company would issue a policy on the life of his father; that the soliciting agent then filled out the two applications, and he signed same, one for himself and one for his father. He testified he did not know what the agent wrote in the application; that neither he nor his father could read or write the English language; that they were Italians, but had been living in Falls county for more than 30 years.

[1-3] The rule seems to be well established that one dealing with an agent of a corporation does so at his peril and is charged with notice that an agent has no power to bind the corporation beyond the scope of his apparent authority. Texas State Mutual Fire Ins. Co. v. Leverette (Tex. Civ. App.) 289 S. W. 1032; Taylor v. United States Fidelity & Guaranty Co. (Tex. Com. App.) 283 S. W. 161. The application for insurance in this case states that "My answers are complete and true and shall form the basis of the contract between me and the said association." It does not provide that the answers have been correctly recorded. In this case it appears without controversy that the soliciting agent of appellant knew that the applicant was past 68 years of age, and was so told in answer to the question with reference to his age. From appellee's testimony it appears the soliciting agent of appellant, without letting appellee know, wrote into the application the statement that the applicant was 67 years of age. Almost this identical question was involved in the case of Schumann v. Brownwood Mutual Life Insurance Ass'n (Tex. Com. App.) 286 S. W. 200, where it was held that a mutual life insurance policy was collectable if the applicant therefor gave his correct age and the agent of the company made a wrong entry. To the same effect is the holding in Springfield Mutual

Ass'n v. Atnip, 169 Ark. 968, 279 S. W. 15. In Supreme Lodge of Fraternal Brotherhood v. Jones (Tex. Civ. App.) 143 S. W. 247, it was held that, if the applicant for insurance made a correct answer to the medical examiner and he wrote a false answer, the applicant was not chargeable therewith, but that the insurance company was responsible for the act of its medical examiner. Where a soliciting agent for an insurance company is given the correct information by an applicant who cannot read or write, and the agent fills out the application and does not read same to nor tell the applicant what he has written, and where, as in this instance, the application is not attached to the policy, we think the correct rule is that the act of the agent in making the false entry in the application is chargeable to the company rather than to the applicant. There is nothing in this record which shows that the appellant would not receive members over the age of 68 years, except the statement by appellee himself to the agent that he understood the company would not do so. He testified that he got this information from an outside source and not from the agent, and that the agent informed him that the policy could be written regardless of said fact. There is nothing in the policy which gives any age limit or which in any way states that the policy can be avoided by reason thereof, except the provision contained therein that if any misstatements as to age have been made in the application, with fraudulent intent, the policy will be void. The undisputed evidence is that the appellee gave to the agent of appellant the correct age of his father, and we do not think it could be said that the placing of the age at 67 in the application by the soliciting agent of appellant was done with any fraudulent intent on the part of the applicant.

[4, 5] Appellant contends as a matter of fundamental error that the judgment of the trial court should be reversed and rendered because it appears that the application was made by appellee for insurance on the life of his father without his father's knowledge or consent, and that the contract thereby became a wagering contract; and, further, that the appellee had no insurable interest in his father's life. There was no pleading raising these questions. We overrule appellant's contentions. The courts have uniformly held that a son has an insurable interest in his father's life. Maxey v. Franklin Life Ins. Co. (Tex. Civ. App.) 164 S. W. 438; Overton v. Colored Knights of Pythias (Tex. Civ. App.) 173 S. W. 472; Springfield Mutual Association v. Atnip, 169 Ark. 968, 279 S. W. 15. The evidence does not show whether the deceased knew the application for insurance was made on his life nor whether the policy was mailed or delivered to him, and the evidence does not show that the application was made without the knowledge or consent of the deceased. It is not, therefore, necessary for us to and we do not determine what the effect would be if a son took out a policy of life insurance on his father without his father's knowledge or consent or without his father having thereafter ratified or confirmed same.

We have examined all of appellant's assignments of error, and same are overruled. The judgment of the trial court is affirmed.