**TEXAS STATE LIFE INS. CO. v. BARTON.**

**No. 10609.**

Court of Civil Appeals of Texas. Galveston.

June 16, 1938.

O. M. Street, of Dallas, for appellant.

Morris Pepper and J. A. Collier, both of Houston, for appellee.

GRAVES, Justice.

This appeal is from a judgment of the court below, sitting without a jury, wherein the appellee was awarded a $330 recovery against the appellant, as for the amount found to be due under a policy of insurance it had issued in the sum of $250, together with the further sums of $30 as 12% statutory penalty, and $50 as reasonable attorney's fees, imposed as for delay, and refusal to pay without suit.

The policy had been issued to one Marie Clemons on July 10, 1935, with the appellee as beneficiary, both of them being negroes, and insured having died on the 29th day of November of 1935.

The trial court supported its decree by filing findings of fact and conclusions of law, which findings are not attacked on the

618

appeal as being unsupported in any other respect than that, as appellant asserts under its third assignment, the evidence did not show that the premiums due under the policy were duly paid, or duly tendered, and that appellant wrongfully refused to accept them as so tendered. This presentment is found to be wholly without merit, as the evidence so fully supports the trial court's determination in this respect that no discussion or résumé of it is deemed essential.

There is only one other complaint presented here; that is, that the trial court erred in holding the policy to have been in effect when Marie Clemons died, first, because it had further found as a fact that in her application for the insurance her age had been stated to be 42, whereas at the time of her death she was more than 70 years of age, and, second, her application being made a part of the policy, it was the insured's bounden duty to see to it that her answers were properly recorded.

Neither is this contention in either detail thought to be well taken; in its unattacked findings the court recited that the application for insurance neither was, nor ever had been, attached to the policy, that at the time the application had been made, the manager of appellant company personally saw and interviewed the insured; and further that the company, in issuing the policy sued upon, did not rely upon the stated representation of the insured that she was 42 years of age; finally, that as a matter of fact such misrepresentation as to her age was not material.

█ In this state of the record it is this court's conclusion that no other judgment than the one rendered would have been a proper one; if the misrepresentation as to age was thus not a material one, and the Insurance Company—so acting through its manager in personally interviewing the insured at the time of the application—did not rely upon any such misstatement of age as was in fact made, it follows that there was no such fraud practiced upon it in that respect as entitled the insurer to set the policy aside. American Cent. Life Insurance Co. v. Alexander, Tex.Com.App., 56 S.W. 2d 864.

It is true that subdivision 5 of R.S., Article 4732, provides in effect that, if the age of the insured has been understated, the amount payable under the policy shall be such as the premium paid would have purchased at the correct age, but there is nothing in this policy, or in the evidence, which in any way shows that such statutory requirement was not complied with in this respect. Home Benefit Ass'n v. Salvato, Tex.Civ.App., 295 S.W. 638, error refused.

█ Furthermore, even if appellant had been in position here to claim that a smaller amount than the face value of the policy should have been paid in this instance, because of such an understatement of age, the burden was upon it of proving what such difference in the amount was, and it wholly failed to meet that requirement—indeed, its brief admits that this record does not contain any testimony along that line. American National Ins. Co. v. Tabor, 111 Tex. 155, 230 S.W. 397; Sovereign Camp v. Ray, Tex.Civ.App., 262 S.W. 819.

Further discussion is deemed unnecessary. An affirmance will enter.

Affirmed.

PLEASANTS, C. J., absent.