NATIONAL EDUCATORS LIFE INSUR-
ANCE COMPANY et al., Appellants,

v.

W. E. MORGAN, Appellee.

No. 6626.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 8, 1956.

Rehearing Denied Nov. 5, 1956.

McGown, Godfrey, Logan & Decker and Winfred Hooper, Jr., Fort Worth, Joe Bailey Humphreys, Dallas, and John B. Henderson, Marshall, for appellants.

Campbell & Brock, Lubbock, for appellee.

MARTIN, Justice.

Appellants, National Educators Life Insurance Co. and American Security Life Insurance Company, were sued by the appellee, W. E. Morgan, who sought recovery of hospitalization expense incurred due to illness of his daughter and as insured by a policy issued by each of the appellants. The suits against the two companies were consolidated as they involve like fact issues and principles of law.

Each of the policies sued upon contains the following provision:

"17 If the insured shall carry with another company, corporation, association or society other insurance covering the same loss without giving written notice to the Company, then in

that case the company shall be liable only for such portion of the indemnity promised as the said indemnity bears to the total amount of like indemnity in all policies covering such loss, * * *"

Under such provision, it is the theory of each appellant that since they did not receive notice in writing of other insurance carried by appellee they are liable for only their pro rata share of the loss incurred in the cause.

In the case of National Educators Life Insurance Company, appellee alleged that in the written application to be filed with the company he notified them of other insurance coverage but that the application as presented at the trial was a forgery. This matter was pleaded by trial amendment and appellee and his wife supported the allegation by testimony in the record. As to the policy issued by American Security Life Insurance Company, appellee alleged that in making his written application for said policy, as prepared by appellant's agent, he advised the company agent that he carried other insurance and any variance from such statement in the application was due solely to the fraud of the agent. Appellee contends each company was bound under its policy for the full amount of his loss together with statutory 12% penalty and attorney's fees.

In the trial of the case the attorneys for appellants admitted in open court that upon receipt of notice in writing of other insurance, each of such companies was bound under the provisions of its policy to pay appellee's claim in full irrespective of any other insurance. It is doubtful whether such an admission alone would bind the company but the provision of each written policy bears out the interpretation thereof as given by the attorneys in their admissions. Such provision predicates full liability in the cause on the principle issue of whether appellee gave written notice of other insurance coverage to each of the companies in making his application for insurance and

whether such written notice was not delivered to one company due to the forgery of the company's agent and a like notice was not delivered to the other company because of the failure of the company agent to correctly write in the application the fact that appellee had other insurance. It is an admitted fact that neither of the policies had attached thereto the respective applications as executed by appellee.

The major points in appellants' appeal are based upon the theory that Article 21.35, Insurance Code, Vernon's Texas Civil Statutes, requires that:

"* * * every contract or policy of insurance issued or contracted for in this State shall be accompanied by a written, photographic or printed copy of the application for such insurance policy or contract, as well as a copy of all questions asked and answers given thereto."

and that appellee's applications not being attached to the policies in issue no evidence concerning the applications or answers therein are admissible. This theory of appellants as to such article and its application is not sustained under the ruling of Southwestern Surety Ins. Co. v. Hico Oil Mill, Tex.Com.App., 229 S.W. 479, 481. The above article as cited and relied upon by appellant companies was passed by the legislature solely for the protection of the policy holder. The purpose of the article is to compel insurance companies to attach to their policies the original application executed by the insured as a condition precedent to the company's relying upon the application and statement therein as a defense to a suit on the policy. The cited case establishes the following rule:

"Joyce on the Law of Insurance, vol. 1, § 190d, states that statutes of the character of article 4951 [Art. 21.35] are intended to protect the policy holder by requiring the insurer to place in his hands written evidence of all the terms, conditions, and representations

to be incorporated or embodied in the policy."

■ Appellants' failure to attach to the respective policies the applications signed by the appellee, although prohibiting the companies from presenting evidence thereof, does not prohibit appellee from presenting evidence as to the contents of such applications. All of appellants' points contrary to this ruling upon the legal effect of art. 21.35 are overruled.

■ Appellee's evidence that National Educators Life Insurance Company did not receive, through his written application, the notice revealing other insurance due solely to the forgery of one of the agents of the company is a proper issue of defense. Likewise a defense is his evidence that the agent of National Security Life Insurance Company did not incorporate in his application the answer as given regarding other insurance. The courts of Texas have ruled that:

" 'Where the insured in good faith makes truthful answers to the questions contained in the application, but his answers owing to the fraud, mistake or negligence of the agent in filling out the application are incorrectly transcribed, the company is estopped to assert their falsity as a defense to the policy, for the solicitor of the insurance is the agent of the company, and all statements of assured in the absence of fraud must be deemed representations and not warranties.' "

Washington Nat. Ins. Co. v. Brock, Tex. Civ.App., 60 S.W.2d 861, 862, error refused. Schumann v. Brownwood Mut. Life Ins. Ass'n, Tex.Com.App. 286 S.W. 200; Home Ben. Ass'n. v. Salvato, Tex. Civ.App., 295 S.W. 638, writ refused.

■ In connection with the above ruling, it is further found that the evidence in the record supports the trial court's findings of forgery and of the agent's failure to correctly transcribe the appellee's answers to the applications as well as like finding of fact as complained of by appellants. It is not the province of this court to substitute its finding on the evidence for those of the trial court though this court may not have ruled likewise on such evidence. Both the appellee and his wife testified that the agent of the National Educators Life Insurance Company was given the correct answers on appellee's application. They also testified that the application presented in the trial court was not the one executed by appellee but was a forgery. With reference to American Security Life's policy, the trial court had before it the testimony of the appellee that the agent of American Security Life Insurance Company had told him that the appellant company would pay his loss in full irrespective of any other insurance. Appellee testified he told such agent that he had other insurance coverage. Appellee was corroborated in this testimony by the company's written receipt delivered to him under the signature of appellant's agent, Don Jennings, wherein the company had printed the following statement: " * * * Pays in full regardless of workman's compensation or any other insurance you have." There was no need for appellee to conceal that he had other insurance under this statement given him by the company. There is evidence in this record to support all the findings of the trial court with reference to the fact that appellee had given written notice through the respective agents of the companies of other insurance and that such written notices were not delivered solely by reasons of falsification by the company's agent in filling out the application or by forgery thereof.

■ Appellants also contend that the testimony of appellee as to the contents of the application was inadmissible to vary the terms of the written contract and that since the contract was in appellee's possession he was bound by its terms although he

may not have read the same. This contention cannot be sustained in view of the written provision in each of the policies permitting appellee to deliver written notice of other insurance. The evidence of appellee as to his giving information of other insurance to the respective agents for the purpose of incorporating such information in the applications no wise seeks to vary the terms of the respective policies. Appellee's evidence was not in contravention of the policy but merely revealed his exercise of a right expressly given him by the terms of each policy. In this conjunction, as well as with reference to the admission of all evidence in regard to the applications, the trial court correctly ruled that such evidence was admissible and was not prohibited by either Art. 21.35 of the Insurance Code or by the Parole Evidence Rule.

In the light of the above rulings, it is apparent that since each of the appellant companies either had notice in writing of other insurance or was prevented from receiving such notice by the acts of their agents, their liability must be determined in the light of the fact that they had notice of such other insurance. On such issue, as stated above, the attorneys for each of the appellants admitted in open court, and the policies of insurance so provide, that only on failure to notify in writing of other insurance are the policy payments to be pro rated among the various companies insuring the risk. It is a correct construction of such provision that each of such companies is liable in full for the loss upon receipt of such written notice of other insurance or in the event the company was prevented from receiving such written notice by the acts of its agent.

One other proposition is raised by Point 6 in the brief of the appellant, National Educators Life Insurance Company. Such point raises the proposition that the trial court erred in allowing recovery of statutory penalty and attorneys fees under the provision of Article 3.62 of the Insurance Code of Texas. The error is also fundamental and apparent from the record viewed in the light of art. 3.62. This article provides:

> "* * * such company shall be liable to pay the holder of such policy, in addition to the amount of the *loss*, twelve (12%) per cent damages on the amount of such *loss* together with reasonable attorney fees for the prosecution and collection of such *loss*." (Italics added.)

Numerous authorities may be cited ruling that art. 3.62 must be strictly construed. It is apparent from the record in this cause that appellee's *"loss"* (Italics added) was only $983.50. The trial court's judgment permits a double recovery of statutory penalty and attorneys fees wherein the same permits recovery of a 12 per cent penalty on the sum of $983.50 allowed as appellee's full damage against National Educators Life Insurance Company together with the sum of $300 as attorney's fee for collection of the same and likewise permits recovery of a 12 per cent penalty on the sum of $908.50 allowed as appellee's full damage against American Security Life Insurance Company together with the additional sum of $300 for attorney's fee for the collection of such loss.

The judgment of the trial court is reversed only as to attorney's fees and penalties and judgment is rendered as to such item that appellee recover from National Educators Life Insurance Company the sum of $118.02, being 12 per cent penalty on appellee's "loss" of $983.50, and the further sum of $300 as a reasonable attorney's fee for the prosecution and collection of such "loss." Appellee is not permitted here to recover the additional sum of $109.02 as penalty on the sum of $908.50 as decreed to be paid to appellee by American Security Life Insurance Company. Nor will appellee be allowed the additional attorney's fee of $300 for prosecution and collection of such sum.

The judgment of the trial court is reversed as to double recovery of statutory penalty and attorney's fees and appellant's point on such issue is sustained to the extent shown herein. All other points are overruled and the judgment of the trial court is affirmed other than as reversed and rendered hereinabove.