Pauline Goldbaum et al. v. Leon & H. Blum.

No. 3051.

1. **Insurable Interest.**—In order to make a valid contract of insurance upon the life of one person for the benefit of another the beneficiary must have an interest in the life insured. When the person for whose benefit the policy is issued has no insurable interest the contract is held illegal upon two grounds; first, because it is against public policy to enforce a contract which makes it to the interest of one person to bring about the death of another; and second, because it is in the nature of a wager.

2. **Assignment of Policy on Life.**—The rule of decision in this court is that if one person procures a policy on his own life for the benefit of a creditor and immediately assigns it to the latter, the creditor can claim under it only a sufficient sum to pay his debt, including any premiums advanced and costs of collection.

3. **Same.**—This rule applies equally to a case where the assignment was contemporaneous with the delivery of the policy and in pursuance with a previous contract to that effect.

4. **Case in Judgment.**—The widow and children held entitled to such balance collected upon such policy by the creditor holding the policy, after paying his debt, advancements, and costs of collection.

Appeal from Galveston. Tried below before Hon. Wm. H. Stewart
The opinion states the case.

*Walton, Hill & Walton* and *W. B. Denson*, for appellants.— 1. The court erred in finding that when a creditor joins his debtor in making an application for an insurance policy upon the life of his debtor, and the creditor pays one annual premium on said policy, that he has a greater insurable interest in the life of the debtor than the amount of his debt, premiums paid, and interest thereon. Schonfield v. Turner, 75 Texas, 326; Price v. Kts. of Honor, 68 Texas, 361; Cawthon v. Perry, 76 Texas, 383; Lewy & Co. v. Gilliard, 76 Texas, 400.

2. The court erred in holding that the law justified the creditor who with a debt of some $1700 joined the debtor in applying for a policy of life insurance for $5000 in the creditor's name, and who had paid only one premium of $247 when the debtor died, in holding from the debtor's representatives the whole $5000, because it is against public policy for a creditor to be thus interested in the death of his debtor, or to be permitted to make a contract by which he could thus profit by the death of another. Schonfield v. Turner, 75 Texas, 326; Page v. Burnstein, 102 U. S., 268; Basye v. Adams, 81 Ky., 368; Cunningham v. Smith, 70 Pa. St., 50; May on Ins., sec. 398, note 1.

3. The creditors, L. & H. Blum, could acquire no greater interest in the life insurance policy of their debtor, Goldbaum, than that which would pay to them their debt and interest and repay the premiums paid on the policy with interest. Schonfield v. Turner, 75 Texas, 326; Page v. Burnstein, 102 U. S., 268; Basye v. Adams, 81 Ky., 368; Cunningham v. Smith, 70 Pa. St., 50; May on Ins., sec. 398, note 1; Greenh. on Pub. Pol., 288.

4. The conclusions of law made by the court are error; they should have entitled plaintiffs to the proceeds of C. I. Goldbaum's life policy, as his legal representatives, less L. & H. Blum's debt, premium paid on the policy, and interest on both. Cammack v. Lewis, 15 Wall., 643; Rison v. Wilkerson, 3 Sneed, 565; Warnock v. Davis, 104 U. S., 927; Ins. Co. v. Robertshaw, 26 Pa. St., 189; May on Ins., secs. 108, 109, 394, 75, 375.

*Scott, Levi & Smith*, for appellee.—The validity or invalidity of the policy of insurance on the life of Goldbaum and its true denomination (whether as a wager, a contract of indemnity, or as a stipulation *inter partes* that upon payment by one to the other of certain sums at stated intervals the latter would pay to the former in a given contingency another certain sum of money) was not a matter of any concern to Goldbaum or his representatives; and the payment (or donation) by the insurance company to Leon & H. Blum of money which it was under no obligation to pay, conferred no title to such money upon Goldbaum or his representatives. Assur. Soc. v. Hazlewood, 75 Texas, 352; Levy v. Taylor, 66 Texas, 652; Bliss on Life Ins., 326; May on Ins., p. 128, sec.

458; Henson v. Blackwell, 3 Bige. Life and Acc. Ins. Rep., 50; Ins. Co. v. Schaeffer, 94 U. S., 462.

GAINES, ASSOCIATE JUSTICE.— Charles I. Goldbaum, who was indebted to appellees in the sum of $1676, besides interest and attorney fees, joined them in applying to the Manhattan Life Insurance Company of New York for insurance on his life. The application was in writing and was signed both by Goldbaum and by appellees. In pursuance of the application the insurance company issued a policy for $5000 upon Goldbaum's life, payable in the event of his death to appellees. The appellees paid the first premium, and before the second fell due Goldbaum died. Thereupon the company paid the full amount of the policy to appellees, and the appellants, who are the widow and children of Goldbaum, brought this suit to recover of them the balance after deducting their debt, the premium paid, and the cost of collecting the money. The court below held they were not entitled to recover.

Counsel for appellees have filed a very able and ingenious argument in support of the correctness of the judgment. Their main contention we understand to be that the policy in question was a contract solely between the insurance company and the appellees; that Goldbaum, whose life was insured, was not in privity with it; and that whether it be valid for the whole amount, valid in part, or void *in toto* is a matter with which his heirs or legal representatives have no concern. If void, counsel contend, Goldbaum's representatives can claim nothing under it; and if valid, since Goldbaum was not a party to it, the appellees are the sole beneficiaries and were entitled to recover and retain to the full amount of the policy.

In order to make a valid contract of insurance upon the life of one person for the benefit of another the beneficiary must have an interest in the life insured. When the person for whose benefit the policy is issued has no insurable interest the contract is held illegal on two grounds; first, because it is against public policy to enforce a contract which makes it to the interest of one person to bring about the death of another; and second, because it is in the nature of a wager.

As to the ground of the illegality, however, the courts are not in accord. Some place it upon the one ground and some upon the other. There is a conflict of authority as to the application of the doctrine of the invalidity of contracts of insurance for want of an insurable interest, and this conflict probably arises from the difference of opinion as to the underlying principle. All agree that A, having no insurable interest, may not take out a policy on the life of B. Some courts even hold that B may not insure his own life and make the policy payable to A. But the weight of authority, at least in this country, being the other way, this court has adopted the contrary doctrine. Ins. Co. v. Williams, *ante*, 633.

But if B may insure his own life and make the policy payable to A, so

that A may recover of the insurer, it does not follow that A may retain the money as against the legal representatives of the insured. Without deciding the question, it is sufficient for our purpose to say in this connection that the recent decisions of this court tend to support the negative. Price v. Knights of Honor, 68 Texas, 361; Schonfield v. Turner, 75 Texas, 324; Ins. Co. v. Hazlewood, 75 Texas, 338; Lewy v. Gilliard, 76 Texas, 400.

In the case first cited the principle was announced that when one whose life is insured assigns it to another who has no interest in his life, the assignment is void. And in Lewy v. Gilliard it was held that where a person procures a policy on his own life for the benefit of a creditor and immediately assigns it to the latter, the creditor can claim under it only a sufficient sum to pay his debt, including any premiums advanced and the cost of collection. The creditors in that case were held to be trustees for the heirs of the insured for the balance. In matter of substantial right there can be no difference between that and the present case.

The assignment being simultaneous with the delivery of the policy and in pursuance of a previous agreement to that effect, it is in substance the same contract as if the policy had issued upon the joint application of the debtor and creditor and had been made payable directly to the latter. Since the law looks not to the form but to the substance of a contract, we think they should be treated as having the same effect. There may be a technical difficulty in the way of the one which does not exist in case of the other. Where there has been an assignment the assignment may be held void as to any balance that may exist after the payment of the creditor's debt. But when the debtor has joined in the application for the policy which issues upon his life payable directly to the creditor for an amount largely in excess of the debt, we do not think it can be said that he has no interest in the contract, when if a different form had been adopted his heirs would clearly have been entitled to any excess of the proceeds of the policy that should remain after paying the debt. The rule that the legal representatives of one whose life has been insured under such circumstances for the benefit of his creditor shall take the balance after paying the latter's demand commends itself for its intrinsic justice and convenience. Unless the policy may be taken out for more than the debt the security may not be sufficient. Should it largely exceed the debt, and should the legal representatives of the insured be held not entitled to the surplus, the question whether or not it is a wagering contract will be presented. But should they be held so entitled the creditor loses nothing and no question of wager can arise.

We are of the opinion that the judgment should be reversed and here rendered for appellants, and it is so ordered.

*Reversed and rendered.*

Delivered February 20, 1891.