EDGAR F. WILTON, BY NEXT FRIEND, E. T. WILTON, v. NEW
YORK LIFE INSURANCE COMPANY ET AL.

Decided December 23, 1903.

**1.—Insurance Policy—Insurable Interest—Assignment.**

A person not having an insurable interest in the life of another can not take and hold by an assignment a policy upon the life of such other. Such an interest by reason of consanguinity will not arise in favor of a niece.

**2.—Same—Recovery of Premiums—Pleading.**

The petition not seeking to recover premiums paid by the appellant, or for him, the trial court did not err in refusing judgment therefor.

Appeal from the District Court of Harris. Tried below before Hon. Chas. E. Ashe.

*L. B. Moody,* for appellant.

*Harris & Harris,* for the New York Life Insurance Company.

*Wm. B. Lockhart* and *Geo. Q. McCracken,* for the other appellees.

PLEASANTS, ASSOCIATE JUSTICE.—Appellant brought this suit against the New York Life Insurance Company to recover the proceeds of a policy of insurance issued by said company upon the life of Daniel F. Watson, deceased, and payable to Mrs. Lennie L. Wilton. The petition alleges that the minor, Edgar F. Wilton, in whose behalf appellant sues, is the only child and sole heir at law of Mrs. Lennie L. Wilton, deceased. The mother, widow and minor child of Daniel F. Watson were made parties defendant. The insurance company answered, admitting its liability upon the policy, and tendered the amount due thereon into court to be paid to the person adjudged by the court to be entitled thereto.

The widow and minor child of Daniel F. Watson by their answers claimed the proceeds of said policy as the surviving wife and sole heir of said Watson. Mrs. Rebecca Watson, mother of Daniel F. Watson, filed an answer in which she asserted a lien upon the proceeds of the policy to secure the payment of $300 loaned by her to Daniel F. Watson.

The case was tried in the court below without a jury and judgment was rendered in favor of the widow and minor child of Daniel F. Watson, deceased, for the amount due upon the policy. From the judgment the plaintiff below prosecutes this appeal.

The facts disclosed by the record which bear upon the question presented on this appeal are as follows: The policy sued on was issued by the New York Life Insurance Company on December 13, 1900, on the life of Daniel F. Watson and was delivered by said company to Mrs. Lennie L. Wilton. It provides that in consideration of the payment by said Watson of $34.34 at the time of its issuance, and the further payment of a like sum on the 12th of June and December of every

year during the continuance of said policy until such payments had been made for twenty years, that the insurer would, upon the death of said Watson, pay to the beneficiary therein named the sum of $1007.18 together with all premiums paid upon said policy should the death of said Watson occur before December 12, 1915. The amount due upon the policy at the death of Watson, which occurred on November 1, 1902, was $1139.22. On June 18, 1901, Watson, by an instrument in writing executed in accordance with the rules of the insurance company, transferred and assigned all of his interest in the policy to Mrs. Wilton. The transfer recites that it was made for a valuable consideration. Mrs. Wilton was a niece of Watson, and at the time the policy was issued both she and Watson lived in the house of the latter's mother at Brenham, Texas. She was then a feme sole, having been divorced from her husband, E. T. Wilton, and occupied with her minor child, the appellant herein, a room in said house for which she paid rent. She did not board with the family, but cooked and ate in her room. She supported herself by taking in sewing and also received a monthly allowance of $15 from her divorced husband. She and Watson had been intimate from childhood, and he was very fond of her and often expressed his willingness to assist her in any way in his power. It is not shown, however, that he ever contributed to her support or ever gave her anything except upon two occasions, on one of which he gave her $6 and on the other a dress, the value of which is not shown further than that it was neither a "fine dress nor a poor one." Mrs. Wilton died on the 16th of June, 1902, leaving appellant as her sole heir. She paid all of the premiums which became due upon the policy prior to her death including the first one, and the premium which accrued after her death and before the death of Watson was paid by E. T. Wilton for the benefit of the appellant. At the time the policy was issued Daniel F. Watson was a single man, and as before stated lived with his mother at Brenham. He was somewhat intemperate and did not save his money, and at that time did not earn more than $1.50 per day when employed. He moved to Galveston in 1901, at which place he married and continued to live until his death on November 1, 1902. He left surviving him a wife and minor child who are appellees herein.

Upon these facts the trial court held, first, that Mrs. Wilton had no insurable interest in the life of Daniel F. Watson, and therefore appellant acquired no interest in the policy by inheritance from his mother; and second, that even had the facts shown an insurable interest in Mrs. Wilton in the life of Watson, appellant, not having such interest, could not inherit from his mother, whose death preceded that of Watson, any interest in the proceeds of the policy.

All of the authorities agree upon the proposition that a life insurance policy issued in favor of a person who has no interest in the life of the assured is against public policy and void as to such person. In such case the beneficiary having no interest in the life of the insured can lose nothing by his death for which indemnity can be claimed and

the contract of insurance is purely a wager. It requires no argument to demonstrate the soundness of the rule of public policy which forbids the enforcement of such contracts. To uphold such policies would be to sanction that which creates a temptation to destroy human life, since the beneficiaries therein are only interested in the early death of the insured, therefore the law wisely refuses to give its approbation to such contracts. With but slight dissent the courts have applied this doctrine as well to a policy which had been assigned by the insured after its issuance to a person having no interest in his life as to one made payable to such person at the time of its issuance. The same rule of public policy applies in the one case as in the other. This rule of course does not prevent the assignment of a policy for the purpose of securing an indebtedness, such assignment being valid to the extent of the indebtedness thereby secured. As to what relationship must exist between the parties to create in one of them an insurable interest in the life of the other is a question upon which the authorities are not so definite, but it seems to be settled that when such interest is dependent alone upon consanguinity, the parties must be related as closely as the second degree, and such interest will only be presumed in favor of the husband, wife, father, mother, child, brother or sister of the insured. Such interest, however, may exist in one not so related by blood or affinity to the insured when the facts show that he has a reasonable expectation of pecuniary benefit or advantage from the continued life of the insured.

The principles of law above announced are supported by the following authorities: Price v. Knights of Honor, 68 Texas, 361; Insurance Co. v. Hazlewood, 75 Texas, 349; Goldbaum v. Blum, 79 Texas, 638; Mayher v. Insurance Co., 87 Texas, 171; Schonfield v. Lewis, 75 Texas, 324; Cormack v. Lewis, 15 Wall., 643; Insurance Co. v. France, 94 United States, 561; Warneck v. Davis, 104 United States, 782.

We think that a niece, who lived with and was supported by her uncle and there was nothing to indicate that he would not continue to support and care for her, would unquestionably have such an interest in the life of the uncle as would entitle her to become the beneficiary in a policy of insurance upon his life. The expectation of pecuniary benefit which would give one an insurable interest in the life of another must, however, be a reasonable expectation of some substantial, continued benefit and not a mere probability that he might be the recipient of an occasional gift or bounty from the person insured.

We think the trial court correctly held that the facts in this case are not sufficient to show an insurable interest in Mrs. Wilton in the life of Daniel F. Watson. Having reached this conclusion it is unnecessary for us to determine the correctness of the second ground upon which the court below based his judgment. The petition upon which the case was tried did not seek to recover the amount of premiums upon the policy paid by Mrs. Wilton and appellant, and there being no pleading

to support a judgment for said premiums, the trial court did not err in not rendering judgment therefor.

There was no error in the judgment as to costs and the assignment complaining of the judgment on that ground can not be sustained.

The judgment of the court below is in all things affirmed.

*Affirmed.*