## HAND v. SOVEREIGN CAMP, WOODMEN OF THE WORLD, et al. (No. 7732.)

(Court of Civil Appeals of Texas. Galveston. May 29, 1919. Rehearing Denied June 26, 1919.)

1. INSURANCE ⬤⟶770 — FRATERNAL INSURANCE—BENEFICIARIES.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 4832, naming relatives who may be made beneficiaries of fraternal life policies, a life insurance policy in favor of one who has no insurable interest in the insured's life is against public policy, and will not be enforced in such beneficiary's favor.

2. INSURANCE ⬤⟶815(1) — FRATERNAL COMPANIES—COMPLAINT.

A complaint on fraternal benefit policy need not allege that beneficiary had an insurable interest in the insured's life, since the lack of such interest is a matter of defense.

3. PLEADING ⬤⟶403(3) — DEFECTS IN COMPLAINT — CURE BY ANSWER — FRATERNAL BENEFIT INSURANCE.

Any defect in a complaint on a fraternal benefit policy due to failure to allege that beneficiary had an insurable interest in deceased's life was supplied by answer which alleged the beneficiary was deceased's nephew.

4. INSURANCE ⬤⟶815(1) — PETITION — SUFFICIENCY.

Where plaintiff's right to recover on a life insurance policy did not depend upon whether defendant was an ordinary life insurance company or fraternal benefit association, it was unnecessary for the petition to allege what kind of life insurance the defendant was authorized to issue.

5. INSURANCE ⬤⟶815(1) — FRATERNAL BENEFIT—PETITION.

In suit to recover on a fraternal benefit policy, a petition alleging that policy was in defendant's possession, and stating its substance and effect, *held* sufficient.

6. PLEADING ⬤⟶223 — SUSTAINING DEMURRER TO PETITION — CONCLUSIVENESS — EX PARTE PROCEEDINGS—EFFECT—SUBSEQUENT JUDGMENT AGAINST PLAINTIFF.

Where a demurrer to plaintiff's petition was erroneously sustained and he was dismissed from the suit, a judgment rendered against him, after an ex parte hearing, upon the claims of certain defendants to a fund which another defendant had paid into court, cannot be sustained.

Appeal from District Court, Harris County; Wm. Masterson, Judge.

Action by David Hand against the Sovereign Camp, Woodmen of the World, and others. From an adverse judgment, plaintiff appeals. Reversed and remanded.

Charles Murphy, of Houston, for appellant. Ewing Boyd, of Houston, for appellees.

PLEASANTS, C. J. · This suit was brought by the appellant against the appellee, Sovereign Camp, Woodmen of the World, to recover upon an alleged insurance policy for the sum of $1,000, issued by the defendant upon the life of John Malloy for the benefit of appellant.

The allegations of plaintiff's petition are as follows:

"That plaintiff is a resident of Harris county, Tex.; defendant is a life insurance corporation duly and legally incorporated under the laws of the state of Nebraska, and has a permit and is duly licensed to and is transacting business in the state of Texas. That on or about the 16th day of January, 1904, the defendant, in consideration of the payment by John Malloy to it of the sum of —— dollars, and the additional sum of —— dollars to be paid to it each subsequent month during his natural life, executed and delivered to the said John Malloy its policy of insurance in writing, whereby it insured the life of the said John Malloy in the sum of $1,000, for the benefit of Catherine Malloy, wife of the said John Malloy, and on or about ——, 1916. The said Catherine Malloy, wife of the said John Malloy, departed this life, and on or about November 24, 1916, for the consideration above mentioned, the defendant did issue, execute, and deliver to the said John Malloy another policy of insurance in writing, whereby it insured the life of said John Malloy in the sum of $1,000 for the benefit of plaintiff, and the defendant thereby promised to pay and became liable and bound to pay the sum of $1,000 to plaintiff upon the death of the said John Malloy; all of which is more fully shown by the policy, the original of which is now in the possession of the defendant. That John Malloy departed this life on the —— day of September, 1917, and up to the time of his death all premiums and assessments and dues accrued and due upon and under the terms of said policy were· duly and fully paid, and the said John Malloy in all respects complied with the conditions and provisions of said policy. That within a reasonable time after the death of the said John Malloy, to wit, on or about the —— day of September, 1917, plaintiff gave to the defendant due and proper notice and proof of the death of the said John Malloy, as aforesaid, and the plaintiff duly demanded from the defendant payment of the said sum of $1,-000, the amount of the policy; but the defendant failed and refused, and so continues to fail and refuse, to pay the same or any part thereof, and thereby the defendant became liable to the plaintiff in the full sum of $1,000, together with 12 per cent. penalty, interest, and $100 as reasonable attorney's fees."

The prayer of the petition is for the recovery of $1,000, with a penalty of 12 per cent., together with interest, reasonable attorney's fee, and all costs of suit.

The defendant answered, admitting the execution and delivery of the policy and its liability thereon in the sum of $971.50, but averred, in substance, that it could not safely pay the amount to plaintiff because under

⬤⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

its constitution and by-laws in force at the time the policy was issued, and which were expressly made a part of the policy, the amount of insurance named in the policy could only be paid to a blood relative of the deceased; that the policy recites that the plaintiff, who is named therein as beneficiary, bears the relationship of nephew to the deceased; but that upon the death of said John Malloy, Charles P. Malloy and Margaret Anfield, claiming to be the brother and sister and sole heirs at law of John Malloy, notified this defendant that the plaintiff was not a nephew or blood relative of the deceased, John Malloy, and that they, the said brother and sister, claimed and were entitled to receive the proceeds of the policy. It then averred that it was ready and willing to pay the amount to whoever was justly entitled to receive it, and asked that the said Charles Malloy and Margaret Anfield be made parties defendant, and that it be permitted to pay into the registry of the court the said sum of $971.50, less $50, which it prayed be allowed it as attorney's fee for preparing and filing its answer.

Charles Malloy and Margaret Anfield, having been made defendants, answered plaintiff's petition by general demurrer and general denial and by special pleas, in which they aver that they are the brother and sister, respectively, of John Malloy and his sole heirs at law; that the plaintiff is not a nephew nor a blood relative of the deceased, John Malloy, and under the provisions of the constitution and by-laws of the insurance society is not entitled to receive the benefits of the policy, but these defendants are, under the provisions of said constitution and by-laws, which were made a part of the contract of insurance, entitled to receive same. They pray for judgment for the sum of $971.50 against the plaintiff and the defendant, Sovereign Camp, Woodmen of the World.

By agreement with the other parties the defendant Sovereign Camp, Woodmen of the World, paid into the registry of the court $921.50 and was released from all further liability on said policy, and an order was made and entered by the court in accordance with said agreement.

In addition to the pleadings, the substance of which we have before stated, the defendants Charles Malloy and Margaret Anfield filed the following exception to plaintiff's petition:

"They specially except to the allegations in paragraph 1 of the plaintiff's petition for the reason that the same do not disclose whether the defendant Sovereign Camp, W. O. W., is an ordinary life insurance company or fraternal beneficiary insurance association or society, nor whether said policy is an ordinary life policy or a mutual beneficiary certificate.

"Defendants specially except to the allegations of paragraph 2 of plaintiff's petition and say: (a) The same does not disclose any in-

surable interest of plaintiff in the life of member; (b) they do not disclose what relationship the plaintiff bore to the deceased; (c) they do not disclose any fact or facts from which the court can determine whether the plaintiff has an insurable interest in the life of the deceased; (d) said allegations are merely conclusions of the pleader and are insufficient in law to show his right to recover or to show the capacity in which he seeks to recover.

"These defendants further except to the plaintiff's petition for the reason that it is disclosed therein that the policy of insurance is in writing, and said petition does not set out nor purport to set out all the terms or conditions of same, nor does it refer to said policy as a part of said petition, nor attach the same."

The trial court sustained defendants' general demurrer and each of the special exceptions to plaintiff's petition above set out, and, plaintiff declining to amend, judgment was rendered against him that he "take nothing by his suit, and that the defendant go hence without day and recover of the plaintiff all costs in this behalf expended."

The court then heard evidence offered by the defendants Charles Malloy and Margaret Anfield in support of the claim set up by them in their answer, and rendered judgment in their favor against the plaintiff for the $921.50 in the registry of the court and all costs of suit, including the $50 attorney's fee allowed the defendant Sovereign Camp, Woodmen of the World.

The learned trial judge, at the request of appellant, filed the following findings of fact and conclusions of law:

"(1) I find from the evidence that the plaintiff, David Hand, did not sustain any blood relationship to the deceased, John Malloy, he being a nephew by marriage only.

"(2) I find that during the life time of said John Malloy the plaintiff Hand stayed around his place of business doing whatever work was necessary in the store; that he received no regular salary therefor, but Malloy gave him his room and board and money whenever he needed same; that he appeared to have no other employment.

"From the foregoing findings of fact I conclude, as a matter of law:

"(1) That under the authority of Schonfield v. Turner, 75 Tex. 324, 12 S. W. 626, 7 L. R. A. 189, and article 4832 of the Revised Statutes of Texas, the plaintiff, Hand, not sustaining any blood relationship to the insured Malloy, the policy issued to him as such beneficiary was contrary to public policy, and in derogation both of the law of this state and the by-laws of the defendant order, the Woodmen of the World.

"(2) I conclude that the fact that the defendant Woodmen of the World is not asserting this defense in its own behalf does not preclude the other defendants from setting up same and taking advantage of all pleas in question that could be set up by said defendant Woodmen of the World.

"(3) I would be inclined to follow the case of Jones v. Holmes, 195 S. W. 306 (decided by the

Court of Civil Appeals at Galveston), and hold that under the testimony the plaintiff brings himself within the purview of the statute as a dependent, but the plaintiff herein not having predicated his right to recover thereunder, but claiming under his contractual rights under said policy, has declined to amend his petition to meet this phase of the case; and hence, for this reason, is not entitled to recover as such.

"I therefore conclude that the plaintiff take nothing by his suit, and that the defendants Charles Malloy and Mrs. Margaret Anfield recover of and from the plaintiff and from their codefendant, Woodmen of the World, the amount of money deposited in the registry of this court as the proceeds of said policy, together with all costs of suit in this behalf expended."

Under appropriate assignments of error the appellant complains of the ruling of the trial court sustaining defendants' general demurrer and special exceptions to the petition. We think each of these assignments should be sustained.

[1] We cannot understand upon what theory the general demurrer was sustained, unless it was upon the ground, pointed out in the third special exception, that the petition does not disclose that plaintiff had an insurable interest in the life of John Malloy. It is a well-settled rule of decision and of statute in this state that a policy of life insurance in favor of one who has no insurable interest in the life of the insured is against public policy and will not be enforced in favor of such beneficiary. Schonfield v. Turner, 75 Tex. 324, 12 S. W. 626, 7 L. R. A. 189; Wilton v. N. Y. Life Ins. Co., 34 Tex. Civ. App. 156, 78 S. W. 403; article 4832, Vernon's Sayles' Civil Statutes.

[2] But when there is nothing in the allegations of the petition which declares upon the contract of insurance showing that the plaintiff who sues as the beneficiary named in the policy has no insurable interest in the life of the insured, that question cannot be raised by demurrer to the petition. There is no statute nor rule of law which requires that a contract of life insurance, to be enforceable, must show upon its face that the beneficiary bears such relation to the insured by consanguinity, dependence, or as creditor, as gives him an insurable interest in the insured's life. If the facts showing such interest do not exist, the contract is unenforceable, but this is a matter of defense, and the plaintiff is not required to plead the existence of such facts.

[3] If the rule was otherwise, the exception to the petition on this ground should not have been sustained, because in the answers of the defendants it is averred that the contract of insurance recites that plaintiff is the nephew of the deceased. These averments in the answers of the defendants supplied the supposed defect in the petition. Lyon v. Logan, 68 Tex. 521, 5 S. W. 72, 2 Am. St. Rep. 511.

The general demurrer having been erroneously sustained and plaintiff's suit dismissed, the judgment must be reversed, regardless of whether the special exceptions were properly sustained.

[4, 5] We are, however, of opinion that none of the exceptions should have been sustained. Plaintiff's cause of action in no way depended upon whether the Sovereign Camp, Woodmen of the World, is an ordinary life insurance company or a fraternal benefit insurance association, and it was not necessary for the petition to allege what kind of life insurance the company was authorized to issue. The petition alleges that the policy or contract of insurance was in the possession of the defendant, and alleges the substance and effect of said contract, and no further reference to the policy was necessary.

[6] The appellant having been erroneously dismissed from the suit, no judgment rendered against him upon the ex parte hearing of the claims of the defendants Charles Malloy and Margaret Anfield can be sustained. He was entitled to a hearing on the facts upon the cause of action asserted by him in his petition, and such hearing having been denied him, the judgment must be reversed and the cause remanded; and it has been so ordered.

Reversed and remanded.