## O'CONNOR v. O'SHAUGHNESSY.
### (No. 8900.)

(Court of Civil Appeals of Texas. Galveston. Nov. 18, 1926.)

1. Appeal and error ⊜⇒745, 759—Proposition, not supported by any assignment filed in trial court or carried forward in defendant's brief, raised no question of fundamental error.

Where proposition stated in brief was not supported by any assignment of error filed in trial court or carried forward in defendant's brief in appellate court, it raised no question of fundamental error and was not entitled to consideration.

2. Appeal and error ⊜⇒931(4)—Finding that beneficiary had no insurable interest will be implied from judgment against beneficiary, where evidence is conflicting.

Where evidence was conflicting on issue of relationship between insured and beneficiary creating insurable interest in latter, and there were no findings of fact or conclusions of law, finding against existence of such relationship is presumed from judgment against beneficiary.

3. Insurance ⊜⇒116(1)—Brother-in-law, having no reasonable expectation of substantial pecuniary benefit from continuance of insured's life, had no insurable interest.

Brother-in-law, not being dependent upon insured individually or in support of his family and making no claim as creditor, had no reasonable expectation of substantial pecuniary benefit from continuance of insured's life and therefore had no insurable interest therein.

Appeal from Harris County Court at Law; Ray Scruggs, Judge.

Suit by Thomas O'Shaughnessy against E. F. O'Connor. From a judgment for plaintiff, defendant appeals. Affirmed.

Charles Murphy, of Houston, for appellant.
George D. Sears and Ralph R. Wood, both of Houston, for appellee.

GRAVES, J.    Hugh M. O'Shaughnessy died intestate and unmarried, leaving as his only heirs the appellee, Thomas O'Shaughnessy, a brother, and the children both of another brother and of a sister; he also left an insurance policy in the Metropolitan Life Insurance Company of New York for $1,500, in which appellant, E. F. O'Connor, his brother-in-law, was named as beneficiary. After the insured died, the proceeds of the policy were duly paid to O'Connor, and he refused the demand of Thomas O'Shaughnessy for an interest therein as the heir of his brother. Thereupon Thomas O'Shaughnessy filed this suit against O'Connor, alleging the fact already stated, and further charged that O'Connor had no insurable interest in the life of the deceased, and asked the court to decree him, the plaintiff, a one-half interest in the fund after allowing certain specific reductions.

O'Connor answered with a general demurrer and denial and a special plea, asserting that he was a brother-in-law of the deceased and that, because of the intimate relations and associations between them, he and the deceased had an insurable interest in the lives of each other.

On trial before the court sitting without a jury, judgment was rendered in favor of the appellee here for $257.17, as the net one-third interest in the insurance that had been so paid to the appellant, O'Connor, after certain deductions had been made; from that decree O'Connor has presented this appeal.

[1] There is but a single proposition stated in his brief in this court, and at the outset the opposing litigant objects to its consideration here on the ground that it raises no question of fundamental error and is not supported by any assignment filed in the trial court or carried forward in appellant's brief in this court; an inspection of the record discloses this objection to be well taken, no supporting assignment anywhere appearing; the context of the proposition is merely an assertion that, under the relations in fact existing between the deceased and his brother-in-law, the latter did have an insurable interest in the life of the former and might be properly named as his beneficiary under the policy. Obviously, this raises no question of fundamental error under our practice. Ford & Damon v. Flewellen (Tex. Civ. App.) 264 S. W. 602, affirmed (Tex. Com. App.) 276 S. W. 903; Houston Oil Co. v. Kimball, 103 Tex. 103, 122 S. W. 533, 124 S. W. 85.

In the circumstances, the proposition is not entitled to consideration, but, if it were and we were to go into the record, it could not be sustained. The proposition is dependent upon such questions of fact as whether or not the relations between appellant and the insured were intimate and affectionate, similar to those existing between parent and child, whether or not appellant furnished the insured board and lodging, procured employment for him, and whether or not, in turn, appellant was dependent upon insured in the support of his family.

[2] The evidence upon all these matters was in dispute, and, conceding that that presented by appellant was sufficient to have supported a finding in his favor upon them,

in deference to the court's adverse judgment, there being no findings of fact or conclusions of law in the record, it must here be presumed that the trial court found against the existence of such relationships. Velasco, etc., Co. v. Texas Co. (Tex. Civ. App.) 148 S. W. 1184.

Furthermore, appellant, being general yardmaster for one of the railway companies, expressly denied that he was dependent upon the deceased, either individually ·or in the support of his family, and made no claim as a creditor, the undisputed testimony indicating that Hugh O'Shaughnessy did not owe any debts at all.

[3] In such circumstances, being only a brother-in-law, appellant had no reasonable expectation of substantial pecuniary benefit from 'a continuance of the insured's life and consequently no insurable interest therein. Price v. Knights of Honor, 68 Tex. 361 at pages 365, 369, 4 S. W. 633; Cheeves v. Anders, Adm'r, 87 Tex. 287 at page 292, 28 S. W. 274, 47 Am. St. Rep. 107; Schonfield v. Turner, 75 Tex. 326, 12 S. W. 626, 7 L. R. A. 189; Equitable Life Ins. Co. v. Hazelwood, 75 Tex. 338 at page 350, 12 S. W. 621, 7 L. R. A. 217, 16 Am. St. Rep. 893; Pacific Mut. Life Ins. Co. v. Williams, 79 Tex. 637, 15 S. W. 478; Goldbaum v. Leon & H. Blum, 79 Tex. 638 at page 640, 15 S. W. 564; Wilton v. New York Ins. Co. et al., 34 Tex. Civ. App. 156, 78 S. W. 403.

Further discussion is deemed unnecessary, since these conclusions require an affirmance; that order has accordingly been entered.

· Affirmed.