### FINN v. METROPOLITAN LIFE INS. CO. et al. (No. 1838.)

Court of Civil Appeals of Texas. Beaumont. April 25, 1929.

Rehearing Denied May 15, 1929.

Sam'l Schwartz and Heidingsfelder, Kahn & Branch, all of Houston, for appellant.

Hunt, Moseley & Hunt, Tamp W. Grobe, Wagner & Wagner, and Vinson, Elkins, Sweeton & Weems, all of Houston, for appellees.

WALKER, J. Appellee Metropolitan Life Insurance Company, hereinafter referred to as insurance company, on or about the 31st day of December, 1923, issued and delivered to Herman Finn, as an employee of Southern Pacific Railway Company, one of its group policies of life insurance in the sum of $1,500, in which, under instructions from the insured, Fred Wilke was named beneficiary. The insured regularly paid the premium on this policy until his death on February 15, 1927. The beneficiary never paid any of the premiums or any part thereof, and did not know that the policy had been issued, nor that he had been named beneficiary, until about two years after the policy was issued and delivered. The policy was at all times in the possession of the insured until his death, and after his death was found by appellant among his effects. The insured and Fred Wilke had been intimate friends for 25 years. Fred Wilke was not related to the insured, either by blood or marriage. The policy gave the insured the right to change the beneficiary at any time. Wilke was neither a debtor nor a creditor of the insured.

On the 18th of December, 1927, Fred Wilke filed his application to be appointed temporary administrator of the estate of Herman Finn, deceased, alleging certain indebtedness by the estate and "that there is probably a sum of insurance due the estate of Herman Finn, deceased, from the Southern Pacific Railroad, which should be collected." The insurance claim thus referred to was the policy of insurance above described. On February 21, 1927, appellant filed his application to be appointed temporary administrator, contesting Wilke's application. Upon a hearing, the application of appellant was granted, and on the 3d day of May, 1927, was regularly made permanent, and he duly qualified as such permanent administrator, and took possession of the assets of the estate, including this policy of life insurance. He made due demand on the insurance company for payment, which was refused on the ground that Wilke was claiming the proceeds of the policy as the named beneficiary. On June 6, 1927, appellant instituted this suit against the insurance company, upon the policy, pleading the necessary facts to show liability, and prayed for attorney's fees and statutory penalty. Fred Wilke was made a defendant, but it was denied by appellant in his petition that Wilke had any interest in the policy. The insurance company admitted liability and tendered the amount of the policy into the registry of the court. On allegations of interpleader it prayed for its costs, including attorney's fees. Fred Wilke claimed the proceeds of the policy as the beneficiary named therein. Upon a trial to the court without a jury, judgment was in favor of Wilke against appellant for the proceeds of the policy tendered into court, and in favor of the insurance company for its costs, including attorney's fees in the sum of $150. From this judgment appellant has duly prosecuted this appeal, and assigns error against the judgment in favor of Wilke, and that portion of the judgment in favor of the insurance company on its interpleader. No issue of bad faith was raised against Wilke, neither by the pleadings nor by the evidence.

### Opinion.

Our Supreme Court has uniformly held that it is against the public policy of this state to allow one to be the owner of a policy of insurance upon the life of a human being in which he has no insurable interest. Goldbaum v. Blum, 79 Tex. 638, 15 S. W. 564; Cheeves v. Anders, 87 Tex. 287, 28 S. W. 274, 47 Am. St. Rep. 107; Fletcher v. Williams (Tex. Civ. App.) 66 S. W. 861; Wilton v. Insurance Co., 34 Tex. Civ. App. 156, 78 S. W. 403; O'Connor v. O'Shaughnessy (Tex. Civ. App.) 288 S. W. 842. Where one has no insurable interest, the policy will be void as to him, Wilton v. Insurance Co., but the policy will not be void as to the insurance

company. Such a beneficiary holds the proceeds of the policy as a trustee for the benefit of those entitled to receive it. Cheeves v. Anders, supra, Since Fred Wilke, the beneficiary, was not related by blood or marriage to the insured, and had no interest in the policy, nor claim thereto except the naked fact that he was named beneficiary, under the authorities just cited he had no insurable interest in the life of Herman Finn, deceased.

■ On this conclusion appellant says, under the authorities cited, that the trial court erred in not awarding him judgment for the proceeds of the policy. Appellee Wilke would sustain the judgment of the trial court on the theory that the authorities cited have no application to the facts of this case. His proposition is as follows:

"The life insurance policy having been taken out and the premiums paid by Herman Finn, deceased (appellant's intestate) without the knowledge of the beneficiary (appellee Fred Wilke), it was not necessary to allege or prove that said beneficiary had an insurable interest in the life of the assured because in the case of life policies the assured, and not the beneficiary is the person who is required to have an interest; and there can be no doubt that every person has an insurable interest in his own life and that he may insure it for the benefit of any person whom he sees fit to name as beneficiary."

Wilke cites many authorities from other jurisdictions sustaining his proposition. Also he cites the following statement by our Supreme Court in Mayher v. Insurance Co., 87 Tex. 169, 27 S. W. 124:

"The record does not present to this court, as it appeared upon application for writ of error, a case in which a man insures his own life for the benefit of another, the person whose life is insured paying the premiums, thereby making an investment of his own money for a friend selected by himself, and we therefore are not called upon to decide that question."

This statement by the Supreme Court makes doubtful its ultimate conclusion on the particular facts of this case. But if the rule in this state, as we have restated it, is correctly bottomed upon the ground of "public policy," then we are unable to distinguish the case where the person whose life is insured pays the premium, "thereby making an investment of his own money for a friend selected by himself," from the facts of the cases supporting the general rule. The same inducement is present in both cases for one man "to take the life of another." In Cheeves v. Anders, supra, this was made "the test in every phase of such cases." In that case the general rule was announced and sustained by the following argument:

"Applying this salutary rule, the conclusion has been reached by our Courts that such policy can not be beneficially owned by any one not interested in the life insured, whether the policy be taken out in the first instance by the noninterested party, with or without the consent of the insured, or that he acquired the policy by assignment from the person whose life is insured, or from another who had an insurable interest. A man may insure his own life, making the policy payable to his legal representatives, and afterwards assign it to any one, or he may procure such policy and make it payable to any person that he may name, but in either case, if the person to whom it is assigned or who is named in the policy has no insurable interest, he will hold the proceeds as a trustee for the benefit of those entitled by law to receive it."

If this reasoning is sound, and we so accept it, the judgment of the trial court in favor of Wilke must be reversed and the proceeds of the policy awarded to appellant, less the amount of the insurance company's costs.

■ The trial court did not err in awarding costs, including attorney's fees, to the insurance company. The amount awarded as attorney's fees was reasonable. At all times it admitted its liability for the face of the policy, but because of conflicting claims of appellant and Wilke it did not know to whom to pay the proceeds. The facts of the case were such as to place it in real doubt or hazard in deciding between the conflicting claims, and in refusing to pay appellant it acted in the utmost good faith. It was in the position of a stakeholder, and therefore entitled to the remedy of interpleader. Nixon v. Malone, 100 Tex. 250, 98 S. W. 380, 99 S. W. 403; Times Herald Printing Co. v. St. Paul Sanitarium (Tex. Civ. App.) 175 S. W. 1121: Where there is a reasonable doubt as to the stakeholder's rights to an interpleader, it should be allowed. Pulkrabeck v. Griffith (Tex. Civ. App.) 179 S. W. 282. A mere stakeholder of a fund claimed by different parties is entitled to his costs and reasonable attorney's fees where he does not deny liability and his refusal to pay either of the conflicting litigants is in good faith. Beilharz v. Illingsworth, 62 Tex. Civ. App. 647, 132 S. W. 106; Nixon v. Malone (Tex. Civ. App.) 95 S. W. 577, affirmed by Supreme Court, 100 Tex. 250, 98 S. W. 380, 99 S. W. 403.

The judgment in favor of the Metropolitan Life Insurance Company is affirmed, but the judgment in favor of Fred Wilke for the proceeds of the policy of life insurance as tendered into court is reversed, and judgment here rendered in favor of appellant for such sum, less the costs awarded to the Metropolitan Life Insurance Company.

Affirmed in part and in part reversed and rendered.