## BRADLEY v. AMERICAN NAT. INS. CO. et al.
### No. 2151.

Court of Civil Appeals of Texas. Beaumont.

Dec. 18, 1931.

Rehearing Denied Dec. 31, 1931.

Fletcher S. Jones, of Beaumont, for appellant.

David E. O'Fiel and Conley, Renfro & Keen, all of Beaumont, for appellees.

WALKER, J.

Ivory Epps died intestate on or about the 19th day of September, 1930. At the time of his death there was in force and effect on his life a life insurance policy in the sum of $210, with the American National Insurance Company, in which Viney Nash was named beneficiary. She had no insurable interest in his life. Ada Bradley, plaintiff below, was the aunt of the deceased. Doll Epps was his father. Dixon Ford was the

duly appointed administratrix of his estate. This suit was a contest among Ada Bradley, the aunt, Doll Epps, the father, Viney Nash, the named beneficiary, and Dixon Ford, the administratrix, for possession of the proceeds of this insurance policy. On allegations of interpleader the insurance company tendered into court the amount due on the policy.

On the facts stated the judgment of the lower court awarding the administratrix the possession of the proceeds of the policy less certain specific items of cost named in the judgment was correct. Article 3314, R. S. 1925; Finn v. Metropolitan Life Ins. Co. (Tex. Civ. App.) 16 S.W.(2d) 922, 924; same case by Commission of Appeals, 39 S.W.(2d) 836.

The judgment of the lower court is in all things affirmed.

### On Rehearing.

Under article 3314, R. C. S. 1925, appellant insists that the proceeds of this insurance policy descended to Doll Epps, the father of the deceased, rather than to Dixon Ford, the administratrix. She recognizes that, where the policy of insurance is made payable to the estate, the administrator has title to and the right to receive and hold the proceeds; but she insists where, as in this case, the policy is payable to one who can hold the proceeds only, quoting from Finn v. Metropolitan Life Insurance Company, supra, "as a trustee for the benefit of those entitled to receive it," the title to the proceeds of the policy descends to the heirs and not to the administrator.

We think, by necessary implication, this proposition was decided against appellant by the Finn Case. In that case the administrator recovered against the "trustee"; that is, against the illegal beneficiary. If the right to the possession of the proceeds of the insurance policy in that case had not vested in the administrator, then certainly the illegal beneficiary would have recovered as trustee for the lawful heirs. The administrator would have had no title, and, therefore, holding the legal title as trustee, the illegal beneficiary would have defeated his claim.

In this case all claimants were before the court. The illegal beneficiary could not recover the proceeds as trustee "for the benefit of those entitled to receive it" because the legal beneficiaries were in court claiming the proceeds. The father, as heir of his deceased son, could not recover because, no legal beneficiary being named in the policy, the right to the proceeds vested immediately on the death of the son in his estate and, as legal representative of the estate, the administrator was rightfully awarded judgment.

The motion for rehearing is overruled.