F. W. WILSON v. HONORABLE T. A. WORK, DISTRICT JUDGE, AND HARTFORD ACCIDENT & INDEMNITY COMPANY.

Motion No. 10,869. Decided June 24, 1933.<br>(63 S. W., 2d Series, 490.)

*Currie McCutcheon* and *Sullivan & Wilson,* all of Dallas, for relator.

The transfer of the case will not destroy or impair vested rights of the defendant, and said transfer act is not retroactive, in contemplation of law. De Cordova v. City of Galveston, 4

Texas, 470; Baines v. Jemison, 86 Texas, 118, 23 S. W., 639; Fristoe v. Blum, 92 Texas, 76, 45 S. W., 998; Missouri, K. & T. Ry. Co. v. Settle, 19 Texas Civ. App., 357, 47 S. W., 825; Rhodes v. Tatum (Civ. App.), 206 S. W., 114.

PER CURIAM.—This is an application to file petition for mandamus. The application is filed by F. W. Wilson, relator, against Honorable T. A. Work, Judge of the 68th Judicial District of Dallas County, Texas, respondent. Hartford Accident & Indemnity Company is also made party as co-respondent.

The petition for mandamus which accompanies the application to file shows that the relator seeks to have this court compel the respondent to transfer Cause No. 91849-C, F. W. Wilson v. Hartford Accident & Indemnity Company, pending in such court, from such court to the District Court of Grayson County, Texas.

The petition for mandamus further shows the following facts:

That F. W. Wilson was injured while an employee of H. G. Thomas; that such employer was protected by compensation insurance under the Compensation Laws of this State; that the above insurance company was the insurer; that such injury occurred in Grayson County, Texas; that on the 17th day of February, 1931, the Accident Board made its final award; that F. W. Wilson gave the legal notice of dissatisfaction with the final ruling of the board within 20 days after its rendition; that within 20 days thereafter the said Wilson filed his original petition in the 68th District Court of Dallas County, Texas; that said petition was filed in said court by mistake; that said petition should have been filed in the District Court of Grayson County, Texas; that on July 2, 1931, Wilson filed in the 68th District Court of Dallas County, Texas, his motion to transfer said cause from that court to the District Court of Grayson County, Texas. That said motion was heard on July 23, 1931, by the District Court of Dallas County, Texas; and in all things overruled and refused and judgment entered to that effect.

Relator claims the right to have this cause transferred from the District Court of Dallas County, Texas, to the District Court of Grayson County, Texas, under the provisions of chapter 208, page 351, General Laws 42nd Legislature, 1931. This Act was approved May 21, 1931, and took effect on its approval.

It will be noted that the final award of the Board in regard to Wilson's claim for compensation was made on February 17, 1931. Under the law it was Wilson's duty to file his notice

that he would not abide by the ruling of said Board within 20 days after the rendition of such final award, and it was his duty to file suit in a court of competent jurisdiction in the county where the accident occurred within 20 days after giving such notice. From the facts we have given it readily appears that the above legislative act here sought to be applied to the cause pending in the District Court of Dallas County took effect long after Wilson's right to file his suit in the District Court of Grayson County had expired. In other words the act here invoked took effect at a time when the insurance company's rights under the statutes existing before the effectiveness of the above Act had become vested. Such being the case the right to transfer this cause under the above Act does not exist.

■ The rule is well settled that procedural statutes may apply to suits pending at the time they became effective, but even a procedural statute cannot be given application to a suit pending at the time it becomes effective if to do so would destroy or impair rights which had become vested before the Act became effective. In this connection it is the settled law that after a cause has become barred by the statute of limitation the defendant has a vested right to rely on such statute as a defense. Cathey v. Weaver, 111 Texas, 515, 242 S. W., 447; Grisby v. Peak, 57 Texas, 142; 9 Tex. Jur., p. 534, sec. 100. We here refer to 9 Tex. Jur., pp. 527 to 535 and notes for general discussion of vested rights and retroactive laws.

For the reasons above stated permission to file this petition for mandamus is refused.