J. B. COVINGTON, Adm'r, Appellant,

v.

Robert E. L. COVINGTON, Appellee.

No. 14839.

Court of Civil Appeals of Texas.

Dallas.

July 23, 1954.

Rehearing Denied Oct. 1, 1954.

J. Lee Zumwalt, Dallas, for appellant.

Earl R. Parker, Dallas, for appellee.

DIXON, Chief Justice.

This is a suit to determine who is entitled to the proceeds of a life insurance policy.

Appellant J. B. Covington, Administrator of the Estate of William Lawrence Covington, deceased, sued Robert E. L. Covington, second cousin of the deceased, on the ground that the said Robert E. L. Covington, though named as the beneficiary in the policy, was not entitled to the proceeds because he had not an insurable interest in the life of the deceased. The defendant, appellee here, entered a general denial and also asked judgment in his own favor awarding the proceeds to him as the named beneficiary. From a judgment for defendant the administrator has appealed.

The insurance company is not a party to the suit but has agreed to abide by the judgment of the court.

The material facts are undisputed. On Dec. 1, 1939, William Lawrence Covington took out a policy of life insurance on his own life in the amount of $2,000 with the Amicable Life Ins. Co. of Waco, Texas, payable to Laurie Arnold McDonald. Thereafter, William Lawrence Covington caused the named beneficiary to be changed to Robert E. L. Covington, appellee. The insured himself paid all premiums. He died on July 5, 1952.

The law of this State on July 5, 1952, the date of insured's death, was that, except in the case of policies issued by fraternal benefit societies, no person was legally eligible to be named as beneficiary in a life insurance policy unless he had an insurable interest in the life of the insured. Upon the death of an insured, if it developed that the named beneficiary did not have an insurable interest, the proceeds of the policy immediately vested in the estate of the deceased, not in the named beneficiary.

■ In the case at bar appellee was a second cousin of deceased, so he could not claim on the grounds of consanguinity or affinity; he was not shown to be a creditor of deceased, so he could not claim on that ground; and he was not shown to have had a reasonable expectation of pecuniary benefit from the continued life of the insured, so he could not claim on that ground,—in short, appellee did not have an insurable interest in the life of William Lawrence

Covington. Drane v. Jefferson, etc., Ins. Co., 139 Tex. 101, 161 S.W.2d 1057; Wilke v. Finn, Tex.Com.App., 39 S.W.2d 836; Wilton v. New York Life Ins. Co., 34 Tex. Civ.App. 156, 78 S.W. 403; 24 Tex.Jur. 772.

Appellee contends that we should give a retroactive effect to the provision of Art. 3.49–1, § 2, of our Insurance Code, V.A.T. S., as amended in 1953, which statute as amended provides that "Any person of legal age * * * may * * * designate * * * as the beneficiary * * * any person * * * and * * * any such beneficiary * * * shall at all times thereafter have an insurable interest in the life of such person * * *." This amendment to our Insurance Code did not become effective until 90 days after May 27, 1953, more than a year after the death of William Lawrence Covington.

■■ We must overrule appellee's contention. In the first place, it will be presumed that the legislature intended the amendment to operate prospectively, not retroactively, unless the terms of the enactment clearly show a contrary intention. Mellinger v. City of Houston, 68 Tex. 37, 3 S.W. 249; Wichita Falls & S. R. Co. v. Lindley, Tex.Civ.App., 143 S.W.2d 428, Dism.Judgm.Cor. We find nothing in the terms of the amendment to support a conclusion that it was intended to operate retroactively.

■ In the second place, Art. I, § 16 of the Vernon's Ann.St. Constitution of the State of Texas, expressly provides that "No * * * retroactive law * * * shall be made." As interpreted by our Supreme Court this constitutional provision does not prohibit the retroactive effect of a merely remedial statute which does not impair a vested right, but it does apply with full force to all statutes, remedial and otherwise, which if given a retroactive effect, would impair vested rights. Wilson v. Work, 122 Tex. 545, 62 S.W.2d 490; Langever v. Miller, 124 Tex. 80, 76 S.W.2d 1025, 96 A.L.R. 836; Hutchings v. Slemons, 141 Tex. 448, 174 S.W.2d 487, 148 A.L.R. 1320; 9 Tex.Jur. 537. The right to the pro-

ceeds of a life insurance policy becomes a vested right immediately upon the death of the insured. Farracy v. Perry, Tex.Civ. App., 12 S.W.2d 651, writ ref.; 24 Tex. Jur. 773. In the case now before us appellant, as administrator, had a right to possession of the proceeds of the policy as of the date of the death of William Lawrence Covington. Art. 3314, V.A.C.S.

We are not concerned in this case with the result if the designation of beneficiary had been made before the date of the enactment of the 1953 amendment and the insured had died after the effective date of the amendment without having changed or redesignated the beneficiary. The facts now before us do not present that situation, so the question is not decided in this opinion.

The circumstances of this case are indeed unfortunate and regrettable from the standpoint of appellee. But they are beyond our control, and it is our duty to reverse the judgment of the trial court and to render judgment for the appellant.

Reversed and rendered.

## On Rehearing

Appellee says that he is entitled to recover under the terms of Art. 3.48 of the Insurance Code, V.A.T.S. The named article provides in substance that the insurance company shall, in the absence of receipt of notice of an adverse claim, pay the proceeds of the policy to the named beneficiary, and such payment, in the absence of such notice received prior to the date of payment, shall discharge the company from liability.

The facts disclosed by the record do not support appellee's contention. Appellant J. B. Covington, Administrator, did serve notice of his adverse claim prior to the date of payment. As a result the company was in doubt whether to pay the money to appellant or appellee. Though the company did not file an interpleader suit, it has agreed in writing to abide the outcome of this suit, and to pay over the proceeds of the policy to the party entitled to receive payment under the court's judgment.

The motion for rehearing is overruled.