**Mattie BIGGS, Appellant,**

v.

**WASHINGTON NATIONAL INSURANCE COMPANY et al., Appellees.**

**No. 3232.**

Court of Civil Appeals of Texas.

Waco.

Feb. 8, 1955.

Parten & Parten, Franklin, for appellant.

Grace & Palmos and Bryan F. Russ, Hearne, for appellees.

HALE, Justice.

This is a stakeholders suit brought by Washington National Insurance Company as plaintiff in interpleader. The object of the suit was to adjudicate the conflicting claims being asserted by the defendants in the bill of interpleader to the proceeds due under a Health and Accident policy issued by the Insurance Company to Andrew Biggs as the insured. The policy was dated December 12, 1952, and provided in substance, among numerous other items of coverage, that in the event of the accidental death of the insured the Company would pay $1,000 to "Mattie Biggs, wife." The insured was killed by gunshot wounds inflicted by Ether Adams on April 4, 1953.

Appellant, Mattie Biggs, claimed the proceeds from the policy by reason of the fact that she was designated therein as beneficiary. Appellees, Georgia Biggs and the two children of Andrew Biggs, claimed as the heirs at law of Andrew Biggs and appellee, Tommie Tyler, doing business as Tyler Funeral Home, claimed $403.60 covering the funeral expenses of the deceased, it being their contention that Mattie Biggs had no insurable interest in the life of the insured.

The case was tried by the court below without a jury and resulted in judgment discharging the Insurance Company from liability under its policy to any of the defendants in interpleader because of the fact that as a stakeholder it had deposited the sum of $1,000 in the registry of the court; directing the clerk of the court to disburse the $1,000 so deposited by paying to the Insurance Company $100 as a reasonable attorney's fee, to Tommie Tyler $403.60 for the funeral expenses of the insured and by paying the balance thereof to the other appellees as heirs at law of Andrew Biggs; and denying the claim of appellant on the ground that she was not the wife of Andrew Biggs and had no insurable interest in his life.

At the request of appellant the trial court filed findings of fact and conclusions of law, the same being in part as follows: "Andrew Biggs and Georgia Biggs were ceremonially married in 1942 and never divorced; from the year 1948 to date of Andrew Biggs' death, he and Mattie Biggs co-habited in the same house, he furnishing support and maintenance and she doing household duties; from 1949 to date of Andrew Biggs' death in 1953, Mattie Biggs had knowledge of the fact that Andrew Biggs had a living wife in Calvert, Texas; the relation of Andrew Biggs and Mattie Biggs was meretricious and illicit; Mattie Biggs could reasonably expect the same pecuniary benefits, support and maintenance from Andrew Biggs that had existed from 1949 to the date of Andrew Biggs' death; Andrew Biggs and Georgia Biggs were still man and wife at the time of the death of said Andrew Biggs; Mattie Biggs and Andrew Biggs were not man and wife, they were never married by a ceremonial marriage, they were not common law man and wife, and Mattie Biggs was not the putative wife of Andrew Biggs."

Appellant says that since the trial court expressly found "Mattie Biggs could reasonably expect the same pecuniary benefits, support and maintenance from Andrew Biggs that had existed from 1949 to the date of Andrew Biggs' death," such finding "is tantamount to holding that Mattie Biggs had an insurable interest in the life of Andrew Biggs." She also asserts that "a fiance, common law wife or putative wife has an insurable interest in the life of the intended spouse." Hence, she contends that the court erred in denying her claim to the $1,000 in dispute. We cannot agree with the conclusion which she seeks to draw from these assertions.

■■ The courts of this state have held in a long line of decisions that it is against public policy to allow anyone who has no insurable interest in the life of an insured person to recover benefits under a contract of insurance which are contingent upon the death of the insured. As said in the case of Drane v. Jefferson Standard Life Insurance Co., Tex.Com.App., 139 Tex. 101, 161 S.W.2d 1057, 1059: "In determining insurable interest, each case must generally depend for its solution upon its own particular facts. Turner v. Davidson, 188 Ga. 736, 4 S.E.2d 814, 125 A.L.R. 401." It is also said in the same case that those having an insurable interest in the life of another fall into three general classes, viz.: "(1) one so closely related by blood or affinity that he wants the other to continue to live, irrespective of monetary considerations, 24 Tex.Jur., sec. 70; (2) a creditor, Livesay v. First Nat. Bk., Tex.Com.App., 57 S.W.2d 86, 91 A.L.R. 873; and (3) one having a reasonable expectation of pecuniary benefit or advantage from the continued life of another. Connecticut Mutual Life Ins. Co. v. Schaefer, 94 U.S. 457, 24 L.Ed. 251, quoted with approval in Equitable Life Assur. Soc. v. Hazlewood, 75 Tex. 338, 12 S.W. 621, 7 L.R.A. 217, 16 Am.St.Rep. 893."

■ Under the evidence before us in this case and the findings of the trial court with respect thereto, we cannot say as a matter of law that appellant was so closely related at any time to Andrew Biggs, either as fiance, common law wife, putative wife, or otherwise, that she wanted him to continue to live, irrespective of monetary considerations. On the contrary, since there was evidence to support the findings that Andrew Biggs was never divorced from Georgia Biggs and that appellant knew from 1949 until the time of Andrew Biggs' death that he had a living wife, appellant could not, as a matter of law, become the common law wife or the putative wife of Andrew Biggs. Hence, it necessarily follows that her relations with the insured were meretricious and illicit, as found by the trial court, and, consequently, the pecuniary benefits that might have accrued to her from such relations prior to the death of the insured were wrongfully had and received.

■ Appellant testified on the trial of this case that she had been married ceremonially only one time and that was to Danny Gardner, from whom she had been divorced. She testified on the trial of the criminal charges against Ether Adams which grew out of the shooting of Andrew Biggs that her name was Mattie Powell. There was evidence to the effect that she was the mother of a girl who bore the name of Mary Alice Dixon. The trial court might well have inferred from the evidence as a whole that appellant was not a novice in the practice of illicit relations at the time she began the sharing of bed and board with Andrew Biggs. It is a matter of common knowledge that the practice of such relations often results in a fertile field for the breeding of violence which too frequently ends in the wanton destruction of human life.

■■ Although one having a reasonable expectation of pecuniary benefit or advantage from the continued life of another is generally held to have an insurable interest in the life of the other, we do not think such general rule is applicable to the particular facts of this case. We know of no adjudicated case where it has been held in this state that the expectation of unlawful pecuniary benefits which may arise in the future from a continuation of meretricious relations that have existed in the past gives to either of the wrongdoers an insurable interest in the life of the other and we are unwilling to so hold in this case. The rights, duties and conduct of all persons must be judged in the courts by such legal standards as are applicable alike to all, regardless of what their race, color or sense of moral values might be. After hearing all the sordid evidence in this case, the able trial judge concluded, as expressly recited in the judgment and again in the findings of fact and conclusions of law, that appellant had no insurable interest in the life of Andrew Biggs. In our opinion, the court arrived at a correct solution of the problem with which it was confronted. Robinson v. Casey, Tex.Civ.App., 272 S.W. 536 (er. dis.); Tijerina v. Botello, Tex.Civ.App., 207 S.W.2d 136; Covington v. Covington, Tex.Civ.App., 271 S.W.2d 849.

■ Under other points in her brief, appellant says the trial court erred in refusing to permit her to testify as to conversations between herself and Andrew Biggs, as to their agreement to be and become man and wife, and as to whether he told her he was then unmarried, because the provisions of art. 3716 of Vernon's Tex.Civ.Stats., commonly known as the dead man's statute, was no bar to the admissibility of such testimony. For the purpose of this appeal it may be assumed, without being here decided, that the dead man's statute was not a bar to the admissibility of the testimony set forth in appellant's bill of exception, even as against the heirs of the dead man, Andrew Biggs. However, it does not necessarily follow that the trial court erred in refusing to permit appellant to testify to the facts disclosed by her bill of exception or that such error, if any, was reversible. The case was tried before the court without a jury and the statement of facts discloses that appellant had already testified without objection to the substance of all the proffered testimony reflected in the bill of exception. Therefore, we cannot say the action of the trial court in refusing to permit appellant to re-

peat her previous testimony constituted reversible error, regardless of what the grounds of objection to its admissibility might have been.

Finding no reversible error in the record, all of appellant's points are overruled and the judgment of the court below is in all respects affirmed.