**CARNEY'S LUMBER COMPANY**

v.

**LINCOLN MORTGAGE INVESTORS.**

**No. 1394.**

Court of Civil Appeals of Texas, Tyler.

Dec. 23, 1980.

Bill Pedersen, Jr., Rorie & Pedersen, Nacogdoches, for appellant.

Greg Owens, Lufkin, for appellee.

McKAY, Justice.

Appellant Carney's Lumber Company (Carney) filed suit against appellee Lincoln Mortgage Investors (LMI) seeking the foreclosure of a constitutional mechanic's lien. Both parties filed motions for summary judgment, and the trial court granted LMI's motion; Carney has appealed from that judgment.

In August, 1974, Carney supplied materials to Jim Whitton Builder, Inc., (Builder) for the construction of a home. During that same month, LMI took a deed of trust lien from Builder on the lot on which the home was being built to secure an interim construction loan.

Builder declared bankruptcy in June of 1975. A first meeting of creditors of the bankrupt was held thereafter, and the notification of that meeting given to appellant was admitted into evidence in the court below. Creditors were at that time given an opportunity to file objections to the trustee in bankruptcy's authority to sell free and clear of all liens and encumbrances any assets he obtained. On July 7, 1975, the trustee in bankruptcy filed a petition to sell the assets free of all liens. It is undisputed that on July 14, 1975, the bankruptcy court announced from the bench its order authorizing the sale of all assets of the bankrupt free and clear of all liens and encumbrances.

In September of that year, LMI offered to purchase the property on which appellant had its lien from the trustee for $1,000 and the extinguishment of the first lien deed of trust. Due to a clerical error, the original orders authorizing and confirming this sale did not recite the fact that the property was to be sold free of all liens, though the trustee's deed did so recite.

In October of 1975 Carney filed this suit against LMI to foreclose Carney's constitutional mechanic's lien. LMI contended that the sale by the bankruptcy court was free and clear of all liens. After both parties filed motions for summary judgment, the trial court took the case under advisement. A hearing on these motions was held on October 30, 1978, but the trial court's judg-

ment granting appellee's motion was not rendered until February 7, 1980. The crux of this case is whether certain instruments conforming the prior written orders of the bankruptcy court to the judgment as announced from the bench concerning the fate of existing liens were properly filed prior to the rendition of the trial court's judgment. We hold that the correction orders rendered by the bankruptcy court on October 1, 1979, which stated that the property in question should have been sold with no liens attached were correctly filed by appellee and considered by the trial court. Therefore, we affirm the judgment for appellees.

Appellant's two points of error stem from the trial court's consideration of the revised orders of the bankruptcy court and state that the trial court erred both in granting appellee's motion for summary judgment and in denying appellant's motion for summary judgment.

Appellant argues that the filing of the corrected order was a violation of Tex.R. Civ.P. 166–A(c) which states that "(e)xcept on leave of court, the adverse party, not later than seven days prior to the day of hearing may serve opposing affidavits or other written response." Appellee filed the documents now in question from the bankruptcy court on October 1, 1979.

Appellant claims that no leave of the court was obtained or requested before these instruments were filed, even though nearly eleven months had passed since the hearing on the motions for summary judgment, and hence, Rule 166–A(c) had not been followed. Also, appellant complains that appellee sought and procured the corrected order without giving notice to appellant or to the trial court. In reference to this complaint, appellant states that on September 22, 1979, LMI requested of appellant's attorney ten days to file an additional brief, to which he consented. Fifteen days later appellee instead filed the affidavits and instruments entitled "Supplemental

Brief and Affidavit in Support of Motion for Summary Judgment" reflecting the October 1, 1979, corrections of the prior orders of the bankruptcy court.[1] The appellant objected and moved to strike this "Supplemental Brief." The trial court then granted appellee's motion for summary judgment and entered its final summary judgment which overruled appellant's motion to strike, severed from the court of appeals the appellant's suit against the present owners of the property and provided that appellant take nothing as against appellee.

Appellant cites only that portion of Rule 166–A(c) which deals with the service of opposing affidavits prior to the day of hearing on a motion for summary judgment. The amended 1978 rule goes on to state that:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, admissions and affidavits, if any, on file at the time of the hearing, *or filed thereafter and before judgment with permission of the court,* show that, except as to the amount of damages, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues as expressly set out in the motion or in an answer or any other response. (Emphasis added).

While this suit was filed in 1975, prior to the effective date of the above amendment, a hearing on the motions for summary judgment occurred afterward. Procedural rules may apply to actions pending on their effective date, provided no vested right is impaired. *Wilson v. Work,* 122 Tex. 545, 62 S.W.2d 490 (1933). No vested right is impaired in this case, particularly since the rule only embodies the case law already in existence on the subject.

In decisions rendered prior to the rule change above, Texas courts have held that

---

1. Appellee LMI contends that the letter confirming the ten (10) day extension indicated that a brief "or other instrument of that nature" would be filed, thus putting counsel for appellant on notice that such brief could contain evidentiary material. Also, LMI claims that appellant's counsel was informed of and did not object to a delay of an additional five (5) days before the instruments were filed.

the trial court has discretion to decide whether it will consider affidavits filed subsequent to the hearing on a motion for summary judgment. In *Mason v. Mid-Continent Supply Co.*, 374 S.W.2d 922 (Tex.Civ.App.—Ft. Worth 1964, writ ref'd n. r. e.), defendant requested additional time to file affidavits from distant unavailable witnesses at the time of the hearing on a motion for summary judgment. The hearing was on October 19, and the judge granted an extension until November 1. The judge allowed affidavits filed through that date, but refused to consider defendant's and his employee's own affidavits filed after the period had expired. On page 926 of that opinion, the court held that "(t)he trial court, absent an abuse of discretion, may determine when the record will close." The decision further states that "(c)learly, the Rule contemplates that the trial court will have *broad* discretion in setting reasonable deadlines in summary judgment proceedings..." at p. 927. (Emphasis added).

The rule in *Mason* was followed in *Traweek v. Radio Brady, Inc.*, 441 S.W.2d 240, 243 (Tex.Civ.App.—Austin 1969, writ ref'd n. r. e.) in which the court held that the rule's requirement regarding the filing of an opposing affidavit within seven days of the hearing should be relaxed in the "interest of justice." Most of the cases regarding this matter involve situations where the appellate court found that the trial court did not abuse its discretion in *refusing* to consider affidavits filed after the hearing. In many of the cases it was held that the trial court's action was justified either because consideration would be "unfair" to the other side or because the evidence presented by the affidavits would be cumulative of other evidence already before the court. In *Mason, supra,* the court noted that it would be "unfair" to the opposing side to consider certain affidavits filed after the deadline set by the court. It is of some significance, however, that in that case the affidavits sought to be admitted contained inadmissible evidence which could not have been properly used, anyway.

On appeal in the case now before us, the authenticity of the correction order has gone unchallenged and the only objection as to its admissibility concerns the time and method of its filing under Rule 166–A. Most importantly, we do not think the appellant here has suffered any injustice from the trial court's consideration of the corrected orders authorizing and confirming the sale by the trustee in bankruptcy. First of all, the appellant was properly notified of the first meeting of creditors of the bankrupt and was at that time informed that the assets would be sold free and clear of all liens if no valid protest was lodged by the creditors. Appellant does not deny the fact that the order as announced from the bench declared that all sales were to be made "free and clear of all liens and encumbrances," and neither does it contend that it was unaware of such announcement. Apparently it came as no surprise to appellant that a clerical error occurred in the bankruptcy court. The only surprise we can discern arose when appellant was faced with appellee's discovery of that error and the removal of the technical mistake upon which appellant has hung his case. Appellant was informed of the filing of the corrected order prior to rendition of judgment and was given the opportunity to respond, which it did in a motion to strike the new affidavits. This motion was denied by the trial court, which action we feel was within its discretion to take.

Courts have properly refused to consider late filed affidavits which would have been redundant in light of evidence already presented to the court and which would not affect the outcome of the case. *Jones v. Hubbard*, 302 S.W.2d 493 (Tex.Civ.App.—Waco 1957, writ ref'd n. r. e.); *Rountree v. Bridwell*, 269 S.W.2d 824 (Tex.Civ.App.—San Antonio 1954, writ ref'd n. r. e.). Obviously, this is not the situation which we now face since the corrected order was the only evidence presented to show that the lien had been dissolved by the bankruptcy court.

Appellant complains that no leave of the court was obtained before filing the documents in question. If formal leave of the

court were required by Rule 166–A(c), we do not believe that this omission amounted to "such a denial of the rights of the appellants as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case. . . ." Tex. R.Civ.P. 434. As noted above, appellant has not shown that he was unfairly surprised by the introduction of the documents. Also, the 1978 amendment to Rule 166–A(c) infers that affidavits may be filed after hearing but before rendition of judgment "with permission of the court." The record reveals that the trial court implicitly granted such permission by considering the supplemental brief and accompanying affidavits and by overruling appellant's motion to strike.

The authority of the bankruptcy court to make a sale free and clear of all existing liens and its power to correct a written order to make it conform to that announced from the bench are not questioned and will not be discussed, except to say that the corrected order appears to be a reliable reflection of a valid exercise of authority by the bankruptcy court.

The material fact in issue is whether the sale of the lot by the trustee in bankruptcy to LMI was made free and clear of Carney's lien. In light of the correction order entered by the bankruptcy court and filed before judgment in this case, there appears to be no genuine issue as to the fact that no lien existed on that property at the time it was purchased. After examining the record we hold that the trial court was correct in granting appellee's motion for summary judgment and in denying appellant's motion for summary judgment, and therefore we affirm its judgment.