**In re W & G TRUCKING, INC. and John Jamison.**

No. 09–99–017CV.

Court of Appeals of Texas, Beaumont.

Submitted on March 25, 1999

Decided April 15, 1999.

Rehearing Overruled May 6, 1999.

Michael K. Rose, R. Lyn Stevens, Stevens, Baldo & Freeman, Beaumont, Gerald Riedmueller, Benckenstein, Norvell & Nathan, Beaumont, for appellant.

James A. Morris, Jr., Provost & Umphrey, Curtis Soileau, Ferguson Firm, Beaumont, for appellee.

Before WALKER, C.J., BURGESS and FARRIS, JJ.

* The Honorable David Farris, sitting by assignment pursuant to TEX. GOV'T CODE ANN. § 74.003(b) (Vernon 1998).

## OPINION

DAVID FARRIS, Justice.*

The question presented in this mandamus proceeding is whether the trial court clearly abused its discretion by compelling the defendants to produce the written statement of a defendant given to an insurance investigator before suit was filed.[1] The relators contend that the trial court did because the statement was a privileged communication under TEX.R. EVID. 503 and the trial court improperly relied upon a newly adopted discovery rule to destroy a privilege existing under the former rules. We reject both contentions and deny relators' prayer for relief because the statement did not involve a client under Rule 503 and the application of the new discovery rules to this case did not violate TEX.R. CIV. P. 1 or cause the relators undue prejudice.

Relators, W & G Trucking, Inc. and John Jamison are the owner and driver, respectively, of a logging truck that collided with a car driven by Jamaal Reshad Meyers. Meyers was killed in the collision and his survivors have sued the relators. On April 17, 1999, two days after the collision, an insurance investigator obtained Jamison's statement at the request of W & G's insurer.

According to the affidavit of Lonnie Grissom, vice-president of W & G, he told W & G's insurance agency of the accident after he learned that first an investigator and later an attorney from the same law firm had gone to the home of Meyer's mother. The affidavit of an officer of the agency relates that Grissom called him and reported that Meyer's mother had contacted an attorney. From this information and his experience as an insurance agent he concluded that suit would probably be filed. Both affidavits assert that all state-

1. *See In re Colonial Pipeline Co.,* 968 S.W.2d 938, 941 (Tex.1998) (orig.proceeding).

ments were obtained with the knowledge that a suit would be filed.

On December 29, 1998 the trial court entered an order requiring relators to produce Jamison's statement on or before January 8, 1999. The trial court intended its order to require the production of Jamison's statement under Rule 192.3(h) permitting the discovery of the statement of any person with knowledge of relevant facts.

### TEXAS RULE OF EVIDENCE 503

■ Relators contend that Jamison's statement is privileged because it was a confidential communication between a client and his representative for the purpose of facilitating the rendition of professional legal services to the client.[2] We reject that contention because it is not supported by the facts. While the affidavits may make the case that W & G and its insurance agency had reason to anticipate litigation, the record does not establish that Jamison was a "client," that the agent represented Jamison, or that the agent took Jamison's statement to facilitate rendering him legal services.[3]

### APPLICATION OF NEW DISCOVERY RULES

■ In their petition relators argued that applying the new rule would cause them undue prejudice violating paragraph five of the Supreme Court's order adopting the new discovery rules.[4] Paragraph five required that the application of the new rules to pending cases was subject to Tex.R. Civ. P. 1. Rule 1 identified the objective of the rules of procedure to be a just, fair, equitable, and impartial adjudication of the rights of litigants under estab-lished principles of substantive law. Paragraph five also required the application of the new rules to pending cases must be without undue prejudice to any person on account of the transition from the former rules.

Relators contended that because the investigator obtained Jamison's statement believing that it was and would remain privileged under former Rule 166b(3)(c), Rule 192 should not be applied to "this transition case." During argument the court pointed out that the collision occurred in April 1998 and suggested that the real party in interest could nonsuit and file a new case that would not be a transition case. In response to this suggestion, relators argued that, regardless of when suit was filed, Rule 192 should not be applied to permit discovery of Jamison's statement because the investigator obtained it before the effective date of the rules. Relators insisted that the old rules would protect a statement obtained before 1999 from discovery even in a hypothetical case where suit would be filed more than a decade after adoption of the new discovery rules.

■ As a general rule procedural rules apply to suits filed before the effective date of the rules, provided no vested right is impaired.[5] In this instance the repeal of Rule 166b and the adoption of Rule 192 have not deprived relators of a defense or other substantive right. Even under the old rules, the investigator was not assured that the statement would not be subject to discovery because Rule 166b allowed trial courts to disregard its exemptions upon a showing of substantial need and undue hardship. Accordingly, we hold that Rule 192 is applicable to cases pending on Janu-

---

**2.** See Tex.R. Evid. 503(b)(1)(D).

**3.** See Walker v. Packer, 827 S.W.2d 833, 837 (Tex.1992)(orig.proceeding).

**4.** Order of Supreme Court Re: Final Approval of Revisions to Texas Rules of Civil Procedure, Misc. Docket No. 98-9196, 977-78 S.W.2d (Tex.Cases) XXXIII (Nov. 9, 1998).

**5.** See Wilson v. Work, 122 Tex. 545, 62 S.W.2d 490 (1933); Carney's Lumber Co. v. Lincoln Mortg. Investors, 610 S.W.2d 838, 840-41 (Tex.Civ.App.—Tyler 1980, no writ); Cavitt v. Jetton's Greenway Plaza Cafeteria, 563 S.W.2d 319, 321 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ).

ary 1, 1999 and that its application in this case has neither violated nor caused relators undue prejudice.

WRIT DENIED.