**In re TEAM TRANSPORT, INC., Relator.**

**No. 14–99–00444–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

May 21, 1999.

Chester Joseph Makowski, Houston, for relators.

Arthur R. Almquist, Houston, Robert E. Ammons, Houston, for respondents.

Panel consists of Justices MAURICE E. AMIDEI, EDELMAN and WITTIG.

## OPINION

WITTIG, Justice.

This mandamus proceeding involves a discovery dispute arising out of a personal injury lawsuit. Relator, Team Transport, Inc., complains the trial court clearly abused its discretion by ordering relator to

produce a certain letter from relator to its insurance carrier. Finding the trial court was within its discretion to order production of the letter, we deny the petition for writ of mandamus.

## BACKGROUND

On December 1, 1998, the real party in interest, Samuel Martinez, filed a personal injury lawsuit against the relator and Michelin North America, Inc. Martinez alleges that on or about October 20, 1998, relator's employee negligently dumped a container full of tires on him at the Michelin tire facility. On April 21, 1999, Martinez filed a motion to compel certain responses to his requests for production of documents. In particular, Martinez sought to compel a response to request number six seeking all investigative reports. Five days later, relator filed a response asserting that several of the documents were protected by the work product privilege. See TEX. R. CIV. P. 192.5. Among the documents identified, was a letter dated October 26, 1998, sent by an employee and a company officer to relator's insurance carrier. This letter was subsequently submitted *in camera* to the trial court and to this court. The first paragraph of the letter contains a description of the accident by Johnnie McIlveen, relator's allegedly negligent employee and a witness to the accident. The second paragraph of the letter contains comments by relator's Vice–President, Robert Eagleton, on procedures used at the Michelin warehouse, as those procedures related to the accident. Relator supported its response with several affidavits and correspondence showing the documents were prepared "in anticipation of litigation."

On April 27, 1999, the trial court held a hearing on the motion to compel and orally ruled in favor of Martinez. The following day, relator filed a motion for reconsideration. On May 3, 1999, the trial court signed an order compelling relator to produce the October 26, 1998, letter as a witness statement. In its order, the court

specifically found this letter was prepared in anticipation of litigation, however, it ordered production of the letter as a witness statement. See TEX. R. CIV. P. 192.3(h). Relator was required to comply with the court's order by 5:00 p.m. on May 6, 1999, unless it filed a petition for writ of mandamus. On the same date it signed the discovery order, the trial court also signed an order denying relator's motion for reconsideration. On May 6, 1999, relator filed this petition for writ of mandamus. See TEX. GOV'T. CODE ANN. § 22.221 (Vernon 1988 & Supp.1999). The following day, Martinez filed a letter response.

## WITNESS STATEMENT V. WORK PRODUCT

■ Mandamus relief is available if the trial court violates a duty imposed by law or clearly abuses its discretion, either in resolving factual issues or in determining legal issues, when there is no adequate remedy at law. See *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992). A trial court abuses its discretion by making an arbitrary and unreasonable decision that amounts to a clear and prejudicial error of law. See *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985). Here, relator complains the trial court clearly abused its discretion in compelling the production of a privileged document. Because the erroneous disclosure of privileged information will materially affect relator's rights and thus, cannot be remedied by appeal, relator's complaint is appropriate for mandamus. See *id.* at 843.

■ As we described, the trial court found the October 26, 1998, letter was prepared in anticipation of litigation, but ordered production of the letter as a witness statement. Under Rule 192.3(h), "a party may obtain discovery of the statement of any person with knowledge of relevant facts—a 'witness statement'—*regardless of when the statement was made.*" (emphasis added). Thus, the court's ruling was correct provided the letter is a witness statement. Relator all but concedes the

first paragraph of the letter prepared by Johnnie McIlveen is a witness statement. However, relator argues the second paragraph of the letter prepared by Robert Eagleton is not a witness statement, but work product. Thus, relator argues the trial court should not have ordered production of the entire letter or should have ordered production of a redacted version of the letter.

"Work product" is defined as follows: (1) "materials prepared or mental impressions developed in anticipation of litigation or for trial by or for a party or a party's representative, including the party's attorneys, consultant, sureties, indemnitors, insurers, employees, or agents;" or (2) "a communication made in anticipation of litigation or for trial between a party and the party's representatives or among a party's representatives including the party's attorney's, consultants, sureties, indemnitors, insurers, employees of agents." *See* TEX. R. CIV. P. 192.5(a). The work product privilege protects "core work product," which includes the attorney's "mental impressions, opinions conclusions or legal theories." *See* TEX.R.CIV. P. 192.5(b)(1). It also protects "other work product" unless the party seeking discovery shows a "substantial need" for the materials and "undue hardship" in obtaining the substantial equivalent of the materials by other means. *See* TEX. R. CIV. P. 192.5(b)(2). "Witness statements" are not work product, however, even if made or prepared in anticipation of litigation or trial. *See* TEX. R. CIV. P. 192.5(c)(1). Relator argues the trial court should not have ordered production of the October 26, 1998, letter because the Eagleton paragraph is a privileged communication between its agent and its insurer and because Martinez has not shown substantial need or undue hardship.

■ As to the latter contention, relator has not provided the reporter's record of the motion to compel hearing. As the party seeking relief, relator had the burden of providing this court with a sufficient record to establish its right to mandamus

relief. *See Walker*, 827 S.W.2d at 837. As to the former contention, based upon our review of the Eagleton paragraph, we find no abuse of discretion by the trial court. Eagleton relates the normal procedures for warehousemen such as Martinez, used at the Michelin warehouse. Because those procedures pertain to the accident, they were included as a follow-up to McIlveen's witness statement. They are part and parcel of that statement. Without citation of authority, relator argues the Eagleton paragraph could not be a witness statement because Eagleton was not a witness to the accident. The rules do not mandate such a requirement. A person with knowledge of relevant facts need not have personal knowledge of the facts. *See* TEX. R. CIV. P. 192.3(c). Further, the statement of *any person* with knowledge of relevant facts is discoverable. *See* TEX. R. CIV. P. 192.5(h) (emphasis added). Thus, we cannot say the trial court committed a clear and prejudicial error of law by concluding that the Eagleton paragraph was a witness statement.

## APPLICATION OF THE NEW RULES OF CIVIL PROCEDURE

■ Relator argues the application of the new rules of civil procedure to this case is unduly prejudicial and violates its due process rights under the Federal and State Constitutions. *See* U.S. CONST. Amend. V, XIV § 1; TEX. CONST. art. I, §§ 19, 29. This case was filed in December 1998. Rule 192 became effective on January 1, 1999. *See* Supreme Court Order of August 4, 1998, Misc. Docket No. 98–9136, 61. Tex. Bar. J. 752 (Sept.1998), *modified* by Supreme Court Order of November 8, 1998, Misc. Docket No. 98–9196, 61 Tex. Bar. J. 1140 (Dec.1998), *corrected* by Supreme Court Order of December 31, 1998, Misc. Docket No. 98–9224, 62. Tex. Bar. J. 115 (Feb.1999). Paragraph 5 of the Supreme Court's November 9, 1998, order approving the new rules, provides in part that application of the new rules to pending cases "must be subject to Rule 1

of the Rules of Civil Procedure" and "must be without undue prejudice to any person on account of the transition from the prior rules." Rule 1 states in part, "the proper objective of the rules of procedure is to provide a just, equitable and impartial adjudication of the rights of litigants under established principles of substantive law." Relator asserts the trial court's discovery order does not follow these guidelines, is unfair, and arbitrarily permits discovery that would otherwise have been protected under former Rule 166b. We disagree.

■ As a general rule, procedural rules apply to suits filed before the effective date of the rules, provided no vested right is impaired. *See In re W & G Trucking, Inc.*, 990 S.W.2d 473, 475 (Tex.App.Beaumont 1999, orig. proceeding). In *W & G Trucking*, the court held that application of new Rule 192 to a witness statement obtained by relators' insurance investigator prior to the effective date of the new rules did not deprive relator of a defense or other substantive right. *See id.* We likewise conclude the application of Rule 192 to the underlying case does not deprive relator of a defense or substantive right.

Like in *W & G Trucking*, relator could not be assured the October 26, 1998, letter would be privileged under former Rule 166b. Under the new rules, work product replaces the "attorney work product" and "party communication" discovery exemptions from former Rule 166b. *See* Tex.R. Civ. P. 192 cmt.8. Under former Rule 166b, the letter in question would not have qualified as "attorney work product." *See* TEX. R. CIV. P. 166b(3)(a) *repealed by* Supreme Court Order of November 8, 1998, Misc. Docket No. 98–9196, 61 Tex. Bar. J. 1140 (Dec.1998); *see also Occidental Chemical Corp. v. Banales*, 907 S.W.2d 488, 490 (Tex.1995). Even as a party communication, the letter could have been discoverable under the substantial need and undue hardship exception. *See* TEX. R. CIV. P. 166b(3)(e). Therefore, we hold the application of the new rules to the underly-

ing case did not cause relator undue prejudice or deprive relator of due process. Accordingly, we deny mandamus relief.