NUMBER 13-06-452-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG







IN RE: JOHN PETITTA, JR.






On Petition for Writ of Mandamus






MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Hinojosa and Castillo


Memorandum Opinion by Justice Castillo



 Relator brings this petition for mandamus complaining of the trial court's order
of July 18, 2006, directing Relator to "provide the complete [pre-suit] claims file of
[his] Insurance Company." Relator contends the trial court abused its discretion in
ordering the production of privileged documents where Real Party in Interest did not
first serve a written request for a privilege log, as provided under Texas Rule of Civil
Procedure 193.3(b). Tex. R. Civ. P. 193.3(b). Relator contends the claims file is
protected by the attorney work-product privilege. 

I. Background

 Request for production number thirteen seeks "a complete copy of all insurance
claim files that related to the wreck." (1) Relator responded with an objection:

Defendant would object to this request . . . . Defendant would state that
any material prepared or mental impressions developed in anticipation of
litigation or for trial by or for a party or a party's representatives,
including the party's attorneys, consultants, sureties, indemnitors,
insurers employees, or agents are protected by th attorney-work product
privilege. Humphreys v. Caldwell, 888 S.W.2d 469, 471 (Tex. 1994). 


No responsive documents were produced. (2) On April 24, 2006, Real Party in Interest
filed a motion to compel, and at the hearing held May 30, 2006, reiterated his request
for all materials in the claim file from the date of the accident "up until the lawsuit was
filed," stating that he had just learned in depositions of witness statements that had
not been produced. Relator maintained the materials were privileged because they
were developed after litigation was anticipated. The trial court verbally granted an
order compelling production. 

 Relator subsequently filed a motion to reconsider that order, arguing that Real
Party in Interest's failure to first request a privilege log necessarily meant that the
question of privilege was not properly before the court. That same date, Relator
provided supplemental responses to requests for production and, with respect to
number 13, stated: "Documents responsive to this request have been withheld based
on a work product privilege." (3) At the hearing on the motion for reconsideration Relator
stated, as he does here, that he had no duty to tender any evidence of the privilege
because no privilege log had ever been requested. The trial court order denying
reconsideration and compelling production issued August 7, 2006.

II. Standard of Review

 A party may obtain mandamus relief from a court action only if the trial court
clearly abused its discretion, and requesting party has no adequate remedy by appeal. 
In re Living Ctrs. of Tex., Inc., 175 S.W.3d 253, 255-56 (Tex. 2005) (orig.
proceeding) (citing In re Prudential Ins. Co. of Am., 148 S.W.3d 124, 135-36 (Tex.
2004); In re Kuntz,124 S.W.3d 179, 180 (Tex. 2003); Walker v. Packer, 827 S.W.2d
833, 839 (Tex. 1992)). Mandamus is appropriate to protect confidential documents
from discovery and is appropriate if we conclude the documents are privileged and
disclosure has been improperly ordered. Id. at 256. Because the scope of discovery
and the admissibility of evidence is principally within the discretion of the trial judge,
absent a clear abuse of discretion the trial court's ruling should not be disturbed. 
Flores v. Fourth Court of Appeals, 777 S.W.2d 38, 41 (Tex. 1989).

III. Analysis

 The party asserting a privilege has the burden of proof. In re Living Ctrs., 136
S.W.3d at 258. There is no presumption that documents are privileged; the burden
to plead and prove an applicable privilege never shifts from the party resisting
discovery. In re BP Prods. N. Am., Inc., 2006 Tex. App. LEXIS 9008, at *11 (Tex.
App.-Houston [1st Dist.] 2006, orig. proceeding) (designated as opinion) (citing In re
E.I. DuPont de Nemours and Co., 136 S.W.3d 218, 223, 225 (Tex. 2004); Weisel
Enters., Inc. v. Curry, 718 S.W.2d 56, 58 (Tex. 1986)). 

 A party may assert a privilege in answers to discovery, as provided in rule
193.3(c). If this approach is taken, the party need not comply with rule 193.3(a) and
(b), absent a subsequent request. Tex. R. Civ. P. 193 (a), (b), (c). Those subsections
require, upon request, a description of the information or materials withheld, often
referred to as a privilege log, and assertion of a specific privilege for each item or
group of items withheld. In re BP Prods., 2006 Tex. App. LEXIS 9008, at *12 (citing
Tex. R. Civ. P. 193.3(a), (b), (c)).

 Rule 193.3 provides that a party "may" request a privilege log; the request is
not mandatory. See Tex. R. Civ. P. 193.3(b). Once the claim of privilege is asserted,
the trial court may, upon the request of any party, conduct a hearing to determine
whether the discovery should be disallowed. See Tex. R. Civ. P. 193.4. Nothing in
the rule mandates the prior request for a privilege log. See id. At the hearing, the
party asserting the privilege must present evidence necessary to support the privilege. 
Id.; In re DuPont, 136 S.W.3d at 223; In re BP Prods., 2006 Tex. App. LEXIS 9008,
at *11, *13; In re Monsanto, 998 S.W.2d 917, 926 (Tex. App.-Waco 1999, orig.
proceeding) (explaining that asserting privilege and providing proof to support privilege
are distinct concepts). 

 An assertion of privilege must constitute a prima facie showing of the privilege. 
Mere conclusory allegations that documents sought are "confidential" or "privileged"
are insufficient to support a claim of privilege. In re Crestcare Nursing & Rehab. Ctr.,
2006 Tex. App. LEXIS 1436, at *13-14 (Tex. App.-Tyler 2006, orig. proceeding)
(designated for publication) (citing Kessell v. Bridewell, 872 S.W.2d 837, 841-42 (Tex.
App.-Waco 1994, orig. proceeding); In re DuPont, 136 S.W.3d at 223-24 (finding an
affidavit presenting only global allegations that documents came within the asserted
privilege to have no probative value)). Once the prima facie showing is made, the trial
court may determine that an in camera review is appropriate. In certain instances, the
documents themselves may be the only evidence to substantiate a privilege; the
general procedure is to request the trial court to conduct an in camera inspection. In
re DuPont, 136 S.W.2d at 223. 

 Here, Relator made unsupported assertions that litigation was anticipated at the
time the insurance claims files were initiated. However, Relator tendered neither a
supporting affidavit nor any other evidence in support of the privilege. As in In re BP
Prods., assertion of the privilege in response to a discovery request may relieve a party
of asserting it in a privilege log; it does not, however, relieve that party of the burden
to tender evidence of the privileges at an ensuing hearing. See In re DuPont, 136
S.W.3d at 223-24; In re BP Prods., 2006 Tex. App. LEXIS at*15-16.

 Relator relies upon In re TIG Ins. Co., 172 S.W.3d 160, 169-70 (Tex.
App.-Beaumont 2005, no pet.) to contend his burden to tender evidence was never
triggered. In re TIG involved facially over-broad requests that covered an extensive
time span; the trial court ordered TIG to produce all material requested, without
modification. Id. at 168. One request was directed to documents relating to or
identifying insurance coverage for other similar claims prior to 1986; TIG objected on
the basis of attorney work product privilege. The requesting party did not then request
a privilege log, and the trial court found that the information in that one request, and
applicability of the attorney work product privilege was not properly before the court. 
Id. However, the Beaumont court also found that neither the motion to compel nor the
hearing notice provided any indication that attorney work product privilege assertions
would be addressed at the hearing. Id. at 170. Further, the court expressly limited
its analysis to the record before it. Id. We therefore believe In re TIG is factually
distinguishable.

 Nevertheless, to the extent In re TIG purports to hold that a request for a
privilege log is a mandatory prerequisite to placing an issue of work product privilege
properly before the court, we decline to adopt that position. Cf. In re TIG Ins., 172
S.W.3d at 169, 170. We do not read In re DuPont to require such an intermediary
step before a party may proceed with a hearing on an issue of privilege that has been
raised in response to discovery requests. In re DuPont, 136 S.W.3d 223. We agree
that production in conjunction with a privilege log is an efficient pattern for parties to
follow. Id. at 226-227. However, a request for a privilege log is not thereby
transformed into a mandatory step prior to a hearing. The DuPont Court determined
that "the trial court did not abuse its discretion by holding a hearing." DuPont, 136
S.W.3d at 227. We reach the same conclusion here. The burden to prove the
privilege remains on the party asserting the privilege. In re Living Ctrs., 175 S.W.3d
at 261-62 (citing In Re DuPont, 136 S.W.3d at 223). 

 On the record before us, we cannot conclude that the trial court abused its
discretion in proceeding with a hearing on the claim of privilege, despite the fact that
no privilege log was ever requested. Given the utter absence of evidence to establish
the privilege, we cannot conclude that the trial court abused its discretion in overruling
Relator's objection. Flores, 777 S.W.2d at 41.

 The petition for writ of mandamus is denied. 


 ERRLINDA CASTILLO

 Justice


 


Memorandum Opinion delivered and filed

this 20th day of November, 2006.


1. The underlying case arose out of an automobile accident which occurred on August 29, 2003. 
2. Changes in the discovery rules, effective January 1, 1999, and subsequent to Humphreys v.
Caldwell, 888 S.W.2d 469, 471 (Tex. 1994), include rule 192.5 which clarifies the work product
privilege, distinguishes core work product, and identifies specific exceptions. Tex. R. Civ. P. 192.5; see
Matagorda County Hosp. Dist. v. Burwell, 94 S.W.3d 75, 81-82 (Tex. App.-Corpus Christi 2002), rev'd
on other grounds, 189 S.W.3d 738 (Tex. 2006) (per curiam); In re Team Transport, Inc., 996 S.W.2d
256, 259-60 (Tex. App.-Houston [14th Dist.] 1999, orig. proceeding). 
3. We note Real Party in Interest's argument that (1) Relator never stated materials had been
withheld in conjunction with its objection until after the first hearing had been held and the motion for
reconsideration filed, and (2) the later withholding statement was untimely. Real party in Interest
therefore contends that no obligation, if one even exists, ever arose to request a privilege log. Because
we reach our conclusion based on other rationale, we dot not explore this argument further. Tex. R.
App. P. 47.1.